73 So.2d 285 (1954)
CITY OF MIAMI
v.
ROMER et al.
Supreme Court of Florida. Division A.
June 18, 1954.
J.W. Watson, Jr., Olavi M. Hendrickson and Edward J. Fitzpatrick, Miami, for petitioner.
Chertkof & Kalish and Anderson & Nadeau, Miami, for respondents.
ROBERTS, Chief Justice.
This is the second appearance of this case before this court. See City of Miami v. Romer, Fla., 58 So.2d 849, for a complete report of the proceedings had in the trial court prior to its first appearance here.
Briefly stated, the facts are that the appellee, Romer, sued the appellant, City of Miami, to recover compensation for a ten-foot strip of land on a lot owned by him, which strip he was prevented from building upon by the provisions of Ordinance 3179 of the City of Miami, adopted in 1946. This ordinance provided that no building shall be erected on certain streets in the City of Miami closer than 25 feet to the center line of the street. Romer alleged in his complaint in the first case that "said ordinance was adopted as a street widening ordinance and that the purpose of the said ordinance was to provide the City with a method of acquiring additional property for street widening purposes," and that the City had since the enactment of the ordinance "actually taken said ten feet and caused the same to be used as a public sidewalk and public street and has caused the same to be paved and the said north ten feet of the plaintiffs' property have been taken and confiscated by the City of Miami for public purposes."
In the first suit, the cause went to trial upon the issues formed by the complaint and the answer filed by the City, in which the City denied the above quoted allegations and alleged that five of the ten feet involved had been paved by Romer himself for a sidewalk and that the other five feet had been paved by the City merely as a gratuity at the request of the Little River Business Men's Association because of a serious drainage problem and traffic hazard caused by its unpaved condition, and that the public was using the ten feet through the license of Romer.
The lower court's decree holding that the City had taken the entire ten feet, without compensation, was interpreted by this Court as a ruling that the provisions of the ordinance requiring a setback line constituted as a matter of law, a "taking" of property *286 for which compensation must be made, since the evidence showed, without contradiction, that Romer had himself constructed the sidewalk for his own convenience and that of the customers in his store.
We held upon the authority of Gorieb v. Fox, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228, 53 A.L.R. 1210, that ordinances establishing setback lines or building lines are a valid exercise by a municipality of the police power  although, of course, such ordinances must conform to the principles of reasonableness and uniformity required of all such ordinances enacted in the exercise of the police power.
We pointed out in our opinion, however, that if the Chancellor had decreed only that there had been a taking by the City of the five feet paved for street purposes, an entirely different question would have been presented. But we declined to affirm an opinion which, in effect, held that as a matter of law the entire ordinance constituted a taking of property without compensation.
After the mandate of this court went down, the Chancellor allowed the appellee, Romer, to file an amended complaint. The City filed a motion to dismiss the amended complaint on the ground that the relief sought had been previously adjudicated adversely to the contentions of Romer. We here review, on certiorari, the order of the lower court denying the City's motion to dismiss.
The amended complaint amplifies to some extent the allegations of the original complaint, quoted supra. In the amended bill, these allegations are as follows:
"The purpose of said ordinance was to prevent the plaintiffs from building on their said property up to the legal right of way line, so as to enable the City ultimately to acquire the Plaintiff's property between the limits of the right of way and the set-back limits established by the said ordinance without having to pay for the cost of any improvements that might otherwise have been erected on said property; and the purpose of said ordinance was not to establish a valid set-back requirement under the police power, but was designed as an adjunct for the exercise by the City of the power of eminent domain and in order to reduce possible cost to the City of property that might ultimately be taken for street purposes."
We said in our previous opinion, City of Miami v. Romer, 58 So.2d at page 852, that "The fact that, as shown by the testimony adduced at the trial, the city officials may have had in mind an eventual widening of the right-of-way on the particular street abutting appellees' property does not, in our opinion, constitute a `taking' of the appellees' property for public use, within the meaning of Article XII of the Declaration of Rights."
In other words, we held, in effect, in our former opinion that the keeping open of areas in front of buildings by the establishment of building set-back lines is a proper field for the exercise by a municipality of its police power, just as the regulation of side and backyard areas is generally held to be. We allied ourselves to that line of authorities which so holds, including the Supreme Court of the United States, Gorieb v. Fox, supra, although there is authority to the contrary. If the ordinance was, in fact, a reasonable exercise of the police power, then obviously it could make no difference to the validity of the ordinance that the City might eventually widen the particular street with which we are here concerned  or any other of the streets within its corporate limits, affected by the ordinance in question, for that matter.
But we did not mean to say that if the ordinance was invalid as an improper exercise of the police power  if, as a matter of fact, it bore no reasonable relationship to the promotion of the general health and well-being of the community and the need for light, air and open spaces therein  there would not have been a "taking" insofar as Romer's property was concerned.
And in this connection it should be noted that "the mere plotting of a street *287 upon a city plan without anything more does not constitute a taking of land in a constitutional sense so as to give an abutting owner the right to have damages assessed." Miller v. City of Beaver Falls, 368 Pa. 189, 82 A.2d 34, 36; and cases collected in the annotation in 64 A.L.R., beginning at page 546. And this is so, even though the ordinance prevents the development of the property in a manner not conforming to the plan. In such case, payment of compensation must await the actual "taking" of the property by the City, or such actual deprivation of a beneficial use as to amount to a compensable "taking". Compare In re Chestnut Street, 118 Pa. 593, 12 A. 585; In re Sansom Street, in City of Philadelphia, 293 Pa. 483, 143 A. 134.
Inasmuch as we are of the opinion that the amended complaint might be construed to allege that the set-back ordinance was enacted without regard to the public health, safety and general welfare, and thus as an unreasonable exercise of the police power, which, as noted, was not adjudicated in the former trial, we think it states a good cause of action. If, after trial, it be found that the ordinance was a valid exercise of the police power, then the only question remaining is whether there has, in fact, been a "taking" of the five-foot portion of the strip paved by the City, since the question of the appropriation of the five-foot portion on which the lessee constructed a sidewalk was adjudicated by our former opinion.
If it be found as a mixed question of law and fact that the ordinance was not a valid exercise of the police power, then the only question is whether, as applied to this particular property, there has been such a deprivation of the owner's beneficial use as to amount to a "taking" of the strip for which compensation must be made.
Certiorari is denied and the cause remanded for further proceedings not inconsistent herewith.
TERRELL, SEBRING and MATHEWS, JJ., concur.