SPECTOR, Chief Judge.
Appellants seek reversal of a judgment in a condemnation action awarding them $760.00 for their property taken. At the trial on the question of value, testimony of appellants’ witness as to the legal description of the land to be taken was held inadmissible. Appellants assign that ruling as error. We agree.
The testimony of Charles Bassett, a registered land surveyor, was proffered to determine how much land was actually taken. He testified that the description in the order of taking read that the survey line could be on the southerly line of the right of way, but it appeared that they intended it to be on the center line of the right of way because the description stated that the property is 67 feet from the survey line, exclusive of existing road right of way. This is a particularly significant ambiguity since if the survey line is taken to be on the southerly right-of-way line, then there is an additional 3,350 square feet for which compensation would be due.
Section 73.071(3), Florida Statutes, F.S. A., provides that:
“(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
(a) The value of the property sought to be appropriated.”
Although appellee cites this statute as a basis for affirming the trial court’s decision, this court cannot see how a jury can set a valuation on property when they do not know how much property was actually taken. It is true that the sufficiency of the legal description would perhaps be more properly raised at the time of the order of taking, but that does not necessarily mean that the erroneous description cannot later be corrected in order to facilitate the jury’s function of setting proper compensation for property actually taken.
The exclusion of the evidence sought to be given by appellants’ witness concerning the apparent ambiguity as to the location and amount of land taken ef *366 fectively interfered with the jury’s ability to arrive at a value verdict based upon appellants’ version of the facts had the jury elected to believe that version.
Accordingly, the judgment reviewed herein is reversed.
RAWLS and JOHNSON, JJ., concur.