299 So.2d 101 (1974)
Barbara G. MUSLEH et al., Appellants,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, and Marion County, Appellees.
No. T-258.
District Court of Appeal of Florida, First District.
June 6, 1974.
Rehearing Denied September 6, 1974.
C. Ray Greene, Jr., of Greene, Greene, Smith & Davenport, Jacksonville, for appellants.
Geoffrey B. Dobson and Barbara Ann Dell McPherson, Tallahassee, Willard Ayres, Ocala, for appellees.
BOYER, Judge.
This appeal arises from an eminent domain proceeding in Marion County filed by the State of Florida, Department of Transportation to acquire the lands of appellants.
The complaint alleged appellants to be the owners of a certain parcel of land *102 identified in the proceeding as Parcel 151, described in the complaint as follows:
Begin 60 feet West of the Southeast corner of Lot 10, Scott's Survey according to plat recorded in Plat Book "E", Page 5, Public Records of Marion County, Florida; thence West 80 feet; thence North 119 feet; thence East 80 feet; thence South 119 feet to the Point of Beginning.
In his opening statement to the jury the plaintiff's attorney told the jury that the subject property was improved with a commercial two-story building. The defendant's attorney told the jury in his opening statement that he expected the evidence to show that the building was built in such a way that a second story could have been added and that the property was improved with various parking areas, driveways, etc.
The plaintiff's first witness, though not identified in the record, testified that he was familiar with the right-of-way map that was introduced into evidence and that "it is a reasonably accurate depiction of the parcels of land which are involved in this proceeding." In response to a question seeking the dimensions of Parcel 151 the witness answered "approximately 80 by 119." He then added "plus or minus." When asked for the dimensions of the improvements on the property he replied that it was a one-story concrete block building "approximate" dimensions being 43 feet by 60 feet. He could not answer questions regarding the shape of the improvements. He specifically testified, and the parties later stipulated, that the plaintiff was seeking a "total taking."
The land owner then called a registered professional engineer and land surveyor of 25 years experience in Marion County who testified that he had made a survey of Parcel 151, and the improvements thereon. He further testified that the survey had been made in accordance with good surveying practices and that it had been his experience that measurements found "on the ground" (that is, by actual measurement) seldom exactly matched distances called for in legal description. As an example, he testified that although he had spent many years surveying sections for the County he had never found a section which was exactly one mile from corner to corner.
The surveyor further testified, in response to questions to which no objections were made, that in surveying the subject property he commenced at the southeast corner of Lot 10, Scott's survey, in accordance with the legal description submitted to him and then measured sixty feet west and found a monument, being the point of beginning. He then testified that he measured from the point of beginning west, and incidentally along the northerly right-of-way line of Broadway or State Road 40, and found another monument 80.04 feet from the point of beginning. He then measured north and found a monument 119.4 feet from the last mentioned monument on the northerly right-of-way line of State Road 40. He then measured the "back line" and found another monument 80.04 feet from the monument from whence he was measuring. He then measured the distance from the point of beginning to the last mentioned monument and found that the distance was 119.57 feet. In other words, although the legal description contained in the plaintiff's complaint, and the legal description submitted to the surveyor, described a parcel of property with northerly and southerly boundaries of 80 feet each and easterly and westerly boundaries of 119 feet each, an examination of the land revealed monuments (placed by unknown and unidentified persons) which, measured from monument to monument, reflected a southerly boundary of 80.04 feet, a westerly boundary of 119.4 feet, a northerly boundary of 80.04 feet, and an easterly boundary of 119.57 feet.
The land owner sought to introduce the survey made by the surveyor into evidence to which an objection was sustained. The sole point before us on this appeal relates to the propriety of that ruling.
*103 As above stated the parties agreed both on the record and in their briefs that it was the intention of the condemnor to take owner's entire parcel of property. However, it was the position of the plaintiff's attorney that inasmuch as the complaint described only a parcel of property 80 feet wide and 119 feet long the survey showing slightly larger dimensions was not admissible.
It is elementary that a jury in an eminent domain proceeding should receive all evidence relevant to the value of the property being taken. Size, shape and improvements are relevant factors to be considered. The jury heard the examination and vigorous cross examination of the surveyor relative to the manner in which the survey had been prepared. The jury was acquainted with the legal description as set forth in the complaint. The plaintiff had an opportunity to call, and did in fact call, other experts. The jury was therefore in a position to weigh the credibility of the surveyor called by the defendant-owners and to either accept or reject his measurements. The shape and location of the improvements on the property, as reflected by the survey, were of particular significance. The jury was entitled to that information.
The late Justice Terrell, of our Supreme Court, once observed that trial judges are divided into two groups: the letters-inners and the keepers-outers. Although it is certainly never desirable to clutter up a record with irrelevant and immaterial evidence and, certainly the rules of evidence as established by our statutes and case law should be meticulously followed, nevertheless there arises in virtually every trial a situation which does not fit any exact rule and might be said to be in the "gray area." In such instances it is generally better to let the jury have too much information rather than too little. In the case sub judice even if the dimensions of the land were incorrectly stated on the proffered survey that information was clearly and repeatedly made known to the jury and the survey should have been admitted if for no other reason than to show the size, location and other pertinent data relative to the improvements on the land.
The courts of this State have repeatedly held that photographs, though not exactly depicting or portraying the scene as it existed at the time of the incident involved, are nevertheless admissible upon a showing of the differences between the photographs and the scene of the relevant time. (First Federal Savings & Loan Ass'n v. Wylie, Sup.Ct.Fla. 1950, 46 So.2d 396 and the cases therein cited) The survey in the case sub judice falls in the same category. (See also Austin v. Whitcher, 1907, 135 Iowa 733, 110 N.W. 910)
The judgment below is reversed and remanded for further proceedings consistent herewith.
The defendant has filed a timely motion for the award of attorney's fees in accordance with the Statute in such cases made and provided. The trial court shall take such evidence as is appropriate for making such determination, and fix appropriate compensation for the attorneys for the land owners incident to this appeal, and tax such costs as shall have been incurred by the land owners incident to this appeal, all of which shall be paid by the plaintiff.
SPECTOR, Acting C.J. and JOHNSON, J., concur.