PER CURIAM.
Landowner seeks reversal of a judgment awarding him $12,734 in severance damages pursuant to a jury verdict in a condemnation action.
The State of Florida’s Department of Transportation filed suit to condemn 8.2 acres of a 19.2 acre parent tract owned by the appellant, Antonio Garcia, for the construction of the Homestead extension of the Florida turnpike.
On the issue of valuation, Earl Giddens, a witness for the Department, testified that there were no severance damages to the remainder of the property. Garcia then presented two appraisal witnesses who testified as to severance damages of $33,150 and $36,750 respectively. The Department on rebuttal recalled Giddens who testified, over the objection of Garcia, as to specific enhancement to the remainder of the property. The jury returned a verdict of $57,-400 for the value of the land taken and $12,734 for severance damages. Judgment was entered in accordance therewith.
Garcia primarily contends that Giddens, as appraisal witness for the Department, was required to testify to the existence of severance damages as a predicate to testifying to specific enhancement and having testified to no severance damages, his testimony as to specific enhancement was inadmis-sable. We cannot agree.
A jury in an eminent domain proceeding should receive all evidence relevant to the value of the property being taken. Musleh v. Division of Admin., State Dept. of Transp., 299 So.2d 101 (Fla. 1st DCA 1974).
Although Section 73.071(4), Florida Statutes (1975)[1] requires that enhancement value be offset only against severance damages, if any, thus requiring that evidence as to severance damages be introduced as a predicate to the introduction of testimony concerning specific enhancement, we find no requirement in the statute that the condemning authority must be the party to introduce testimony on the issue of the existence of severance damages.
Upon Garcia’s appraisal witnesses testifying as to severance damages, we find *524 it was then proper for the Department’s witness, Giddens, to follow with rebuttal testimony as to enhancement value which was relevant to the value of the property being taken.
Garcia also argues that when the conflicting evidence is between the occurrence of severance damages or the non-occurrence and the jury decides on the occurrence, they are bound to the range of testimony of the witnesses.
The jury generally is not bound by appellant’s testimony. See Behm v. Division of Admin., State, Dept. of Transp., 292 So.2d 437 (Fla. 4th DCA 1974). Giddens testified that there were no severance damages and the testimony as to the amount of severance damages, in effect, ranges from zero dollars to $36,750. Thus, this point of appellant must fail.
Having reviewed the remaining points "on appeal and concluding no reversible error has been made to appear, we affirm the judgment.
Affirmed.

. “73.071 Jury trial, compensation, severance damages
* * 5}C * *
“(4) When the action is by the division of road operations, county, municipality, board, district, or other public body for the condemnation of a road, canal, levee or water control facility right of way, the enhancement, if any, in value of the remaining adjoining property of the defendant property owner by reason of the construction or improvement made or contemplated by the petitioner, shall be offset against the damage, if any, resulting to such remaining adjoining property of the defendant property owner by reason of the construction or improvement, but such enhancement in the value shall not be offset against the value of the property appropriated, and if such enhancement in value shall exceed the damage, if any, to the remaining adjoining property there shall be no recovery over against such property owner for such excess.”