PEARSON, Judge.
The appellant, Dade County, was the plaintiff in an eminent domain proceeding in the trial court. It appeals the judgments entered setting the value of several parcels of real estate owned by the respective ap-pellees on this appeal. The only point presented urges error in a pretrial order. The point presented is:
“Whether the effect of a road width and building setback ordinance on the market value of property being acquired in an eminent domain proceeding is a factual issue to be determined by the jury.”
The order to which this point refers reads as follows:
“ORDERED AND ADJUDGED that full compensation for the taking of the parcels in the above-styled cause shall be determined as though the said Dade County ‘zoned right-of-way’ provisions had never been enacted and did not exist prior to and on the date of taking in this cause. The expert real estate appraisers who will testify in this cause may testify to whatever may be their opinion of the value contribution or fair market value of the part taken and damages if any to the remainder as to each parcel but such opinion must entirely disregard the said Dade County ‘zoned right-of-way’ provision and any limitations on the use of the properties involved herein, and the effect, if any, in diminishing actual market value which may have been caused thereby or result therefrom prior to or at the date of taking in this cause. No testimony or evidence shall be allowed directly or indirectly before the jury concerning the ‘zoned right-of-way’ provisions or their effect, if any, on the use or value of the properties involved in this cause.”
The circumstances leading up to the entry of the order are that in 1938, Dade County passed an ordinance entitled “Right-of-Way Plan and Minimum Width.” This ordinance set minimum width for streets and roads planned as arterial streets, as well as certain other streets. By this ordinance, the width of the street abutting appellees’ property was set at a minimum width of seventy feet.- In 1951, the right-of-way width was changed to one hundred feet.
The present cause was begun in 1977 and sought condemnation of a portion of appel-lees’ property for the widening of the street. At the taking of the deposition of the appraiser for the County and the appraiser for the individual owners, it became apparent that there was a great divergence between the amounts testified to on the value of the land when the effect of the proposed street widening was taken into consideration. As to these properties, the testimony of the appraisers shows that the value of the property is considerably higher if the County’s plans are disregarded. The County urges that the purpose of the ordinance is to place the public on notice of the location of potential future road expansion. It is urged that the existence of this ordi *66 nance is a fact affecting the value of the property and, therefore, it is error to exclude from the jury testimony of its existence. The County relies upon the principles set forth in Musleh v. Division of Admin., State Dept. of Transp., 299 So.2d 101 (Fla. 1st DCA 1974), where the court pointed out that it is an elementary principle that a jury in an eminent domain proceeding should receive all information on the value of the property being taken. See also this court’s recent opinion in Garcia v. State Department of Transp., 342 So.2d 522 (Fla. 3d DCA 1977); and Mazerolle v. State of Florida, Dept. of Transp., 266 So.2d 364 (Fla. 1st DCA 1972).
The appellees, on the other hand, point out that no compensation was paid when the ordinance was passed either in 1938 or in 1951, when the County announced that it would at sometime in the future be taking a portion of the landowners’ property. Now that the time has arrived for the taking of the property, the County disclaims partial responsibility for compensation because of the effect of its prior announcement of an intention to take. It is claimed that this position is contrary to the holding of the Supreme Court of Florida in City of Miami v. Romer, 73 So.2d 285 (Fla.1954), where the court said:
* * * * * * . . it should be noted that ‘the mere plotting of a street upon a city plan without anything more does not constitute a taking of land in a constitutional sense so as to give an abutting owner the right to have damages assessed.’ Miller v. City of Beaver Falls, 368 Pa. 189, 82 A.2d 34, 36; and cases collected in the annotation in 64 A.L.R., beginning on page 546. And this is so, even though the ordinance prevents the development of the property in a manner not conforming to the plan. In such case, payment of compensation must await the actual ‘taking’ of the property by the City, or such actual deprivation of a beneficial use as to amount to a compensable ‘taking.’ Compare In re Chestnut Street, 118 Pa. 593, 12 A. 585; In re Sansom Street, in City of Philadelphia, 293 Pa. 483, 143 A. 134.”
It is natural for governmental authorities to seek ways to prevent owners from using land which might at sometime in the future be used for streets or roads. Therefore, it cannot be held reprehensible for the County to attempt by such procedure to alleviate the cost to the public for the acquisition of these areas. See Rochester Business Institute, Inc. v. City of Rochester, 25 A.D.2d 97, 267 N.Y.S.2d 274 (1966). Nevertheless, the principle must be adhered to that no action of the government can constitutionally deprive an individual of his property without full compensation for the taking. Art. X, § 6(a), Fla. Const. Therefore, we hold that the trial court correctly determined that the existence of the ordinance declaring a future intent to take should not be presented to the jury as a basis for a price less than that which would have existed without the declaration of future taking.
Affirmed.