377 So.2d 689 (1979)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Arthur C. STILL, a Single Man, et al., Respondents.
No. 56731.
Supreme Court of Florida.
November 21, 1979.
Stuart Simon, County Atty. and Murray A. Greenberg and R.A. Cuevas, Jr., Asst. County Attys., Miami, for petitioner.
Robert M. Sondak of Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, Norman Malinski of John R. Farrell, P.A., Miami, Mark A. Marder of Wiener & Walton, Coral Gables, and Leon D. Black, Jr., of Kelly, Black, Black, Wright & Earle, Miami, for respondents.
OVERTON, Justice.
This is a petition for writ of certiorari to review the decision of the Third District Court of Appeal reported at 370 So.2d 64 (Fla.3d DCA 1979). The district court generally certified its decision as passing upon a question of great public interest without specifying the question. We phrase the question in this form:
Whether a county ordinance stating that the county would take a portion of the landowner's property for street widening is a proper element to be used by appraisers in determining the market value of the property taken?
The district court determined that the ordinance was an improper element to be considered by the appraiser and therefore answered the question in the negative. We have jurisdiction,[1] and approve the district court's decision.
The record reflects that in 1977 Dade County filed a petition in eminent domain for the purpose of acquiring sufficient land to widen and convert a two-lane roadway to four lanes. Thirty-nine years previously, in 1938, the county had passed an ordinance entitled "Right-of-way Plan and Minimum Width for Streets and Roads" which set a minimum width of seventy feet for the street abutting the appellee's property. Later, in 1951, the ordinance was amended to expand the width to 100 feet. There was no "taking" of the subject property by these ordinances. The county asserts that the purpose of the ordinances was to place *690 the public on notice of the specific land needed for future road expansion.
Prior to the trial of the condemnation proceedings, the trial judge issued an order directing the appraisers to disregard these right-of-way ordinances in determining compensation for the land taken.
The appraiser for the county stated in his proffered testimony that the appraisal value of the subject parcels would be substantially less if the ordinances were taken into consideration. The county urged that it was error to exclude from the jury testimony concerning the effect of these ordinances on the market value of the subject property. The district court rejected this contention on the basis of our decision in City of Miami v. Romer, 73 So.2d 285 (Fla. 1954), and affirmed the action of the trial court, saying: "[T]he principle must be adhered to that no action of the government can constitutionally deprive an individual of his property without full compensation for the taking. Article X, Section 6(a), Fla. Const." 370 So.2d at 66.
We fully agree with the district court. In Romer we held that the plotting of a street by a city was not a taking that allowed an owner to be entitled to immediate damages, but the "compensation must await the actual `taking' of the property by the City... ." 73 So.2d at 287. In the instant case we are now at the posture of that "taking." The appraisal evidence in the instant case clearly reflects that the ordinance depressed the value of the property. Since the owner received no compensation at the time the ordinance was passed, the county cannot now seek to have the owner's compensation reduced by reason of its own governmental action.
This Court expressly held in State Road Department v. Chicone, 158 So.2d 753 (Fla. 1963), that a condemning authority cannot benefit from a depression in property value caused by a prior announcement that it will be taken for a public project. Compensation under those circumstances must be based on the value that the property would have had at the time of the taking had it not been subjected to the depreciating threat of condemnation. Our decision in the instant case is in accordance with Chicone. To hold as suggested by the county would in fact constitute a deprivation of property without full compensation for the land taken, and thus would violate article X, section 6(a), Florida Constitution.
We affirm and approve in full the decision of the district court.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.