# ECHARTE, etc., et al. v UNIVERSITY OF MIAMI d/b/a THE UNIVERSITY OF MIAMI SCHOOL OF MEDICINE

## Case No. 89-36270 (06)

Eleventh Judicial Circuit, Dade County

April 4, 1990

## APPEARANCES OF COUNSEL

**Joel Eaton, Esquire** and **Joel Perwin, Esquire,** Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., for plaintiffs.

**Steven Stark, Esquire,** Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., for defendant.

## OPINION OF THE COURT

AMY STEELE DONNER, Circuit Judge.

## SUMMARY FINAL JUDGMENT DECLARING §§ 766.207 AND 766.209, FLA. STAT. (1988 SUPP.), UNCONSTITUTIONAL

This is an action for declaratory judgment in which the plaintiffs seek a judgment declaring (1) that §§ 766.207 and 766.209, Fla. Stat. (1988 Supp.), are unconstitutional; and (2) that the plaintiffs are entitled to a jury trial of their medical malpractice claims against the defendant, at which they may recover the total amount of their actual damages. The plaintiffs have moved for summary judgment. The facts alleged in the plaintiffs' complaint have been verified by affidavit, and they are not disputed by the defendant. The Court has heard argument of counsel and considered all matters filed of record herein. For the reasons which follow, the Court grants the plaintiffs' motion, and enters a final declaratory judgment granting the relief prayed for in the complaint.

### 1. Findings of Fact.

The plaintiff, Patricia Echarte, is a minor, and is represented here by her parents and natural guardians, Norma Echarte and Pedro Echarte. Mr. and Mrs. Echarte are also plaintiffs, in their individual capacities. On January 10, 1989, Patricia Echarte was admitted to Jackson Memorial Hospital as a patient of agents of the defendant, for surgery unrelated to the incident in suit. The surgery was performed by agents of the defendant on January 11, 1989. As a result of various negligent acts and omissions committed by agents of the defendant during the surgery and the hospitalization which followed, Patricia Echarte's right arm was injured, and it had to be amputated below the elbow on February 8, 1989, to save her life.

On June 22, 1989, the plaintiffs delivered a Notice of Intent to Initiate Litigation letter upon the defendant, as required by § 766.106, Fla. Stat. (1988 Supp.). All other conditions precedent to perfecting the plaintiffs' potential claims for medical malpractice against the defendant were also performed. On July 12, 1989, the defendant responded in writing to the plaintiffs' notice of intent letter. The response requests that the plaintiffs accept voluntary arbitration of their claims, pursuant to § 766.207, Fla. Stat. (1988 Supp.). The defendant's response amounts to an admission of liability, coupled with a request that the plaintiffs' damages be determined by arbitration rather than jury trial, but subject to the various damage "caps" set forth in § 766.207.

If the plaintiffs accept the defendant's request, liability will be deemed admitted, but the plaintiffs' damages will be limited to the recovery of (1) past and future medical expenses; (2) 80% of Patricia's loss of earning capacity; (3) a percentage of no more than $250,000.00,

194

to be determined by the arbitrators based upon Patricia's percentage loss of the capacity to enjoy life, for the various items of the plaintiffs' non-economic damages otherwise recognized by law; and (4) various costs and limited attorney's fees. If the plaintiffs reject the defendant's request, they will be required to litigate the issue of the defendant's liability, and their damages will be limited by § 766.209, Fla. Stat. (1988 Supp.), to the recovery of (1) past and future medical expenses; (2) 80% of Patricia's loss of earning capacity; and (3) non-economic damages not to exceed $350,000.00. Given her tender age and the nature of her injury, Patricia Echarte's actual damages far exceed those limited amounts. The plaintiffs are legitimately in doubt as to their legal rights.

### 2. Conclusions of law.

The Court has jurisdiction pursuant to § 86.011, Fla. Stat. (1987).

As applied to the fact in this case, the challenged statutes give the admittedly negligent defendant the unilateral right to "cap" the plaintiffs' damage recovery to an amount which is significantly lower than the actual damages which its negligence caused. The statutes provide no reasonable alternative remedy or commensurate benefit to the plaintiffs. The legislature has also failed to demonstrate that this draconian restriction upon the plaintiffs' constitutional right of access to the courts is required by an overpowering public necessity and that no reasonable alternative exists. The challenged statutes therefor violate Article I, § 21 of the Florida Constitution. *Smith v Department of Insurance,* 507 So.2d 1080 (Fla. 1987).

By requiring the plaintiffs to elect between arbitration and their constitutional right to a jury trial, and by arbitrarily "capping" their recovery if they elect the latter, the challenged statutes deprive the plaintiffs of the full benefit of their constitutionally guaranteed right to a jury trial. The challenged statutes therefore violate Article I, § 22 of the Florida Constitution. *Smith v Department of Insurance, supra.*

The challenged statutes recognize that the plaintiffs have a vested property right in a recovery of their actual damages, because they authorize recovery of the full measure of damages if the defendant had not elected to request arbitration. Yet the statutes delegate to the defendant the unilateral right to deprive the plaintiffs of a portion of that property and retain that portion for its own benefit, without providing any mechanism for compensating the plaintiffs for that "taking". Article X, § 6(a) of the Florida Constitution provides that "[n]o private property shall be taken except for a public purpose and with full compensation therefor paid to each owner. . . ." The chal-

lenged statutes clearly violate the plain language of this provision of the Florida Constitution. *See Dade County v Still,* 377 So.2d 689 (Fla. 1979).

By "capping" the plaintiffs' damage recovery in specific amounts, the challenged statutes create two classifications of medical malpractice victims — those with insignificant injuries who are compensated in full, and those with serious injuries who are deprived of full compensation. This classification is entirely arbitrary and contrary to the fundamental notion of equal justice under the law. *See Vildibill v Johnson,* 492 So.2d 1047 (Fla. 1986). It is also impossible that singling out the most seriously injured medical malpractice victims, rather than imposing the same burden equally upon all such victims, bear any *rational* relationship to the avowed purpose of the statutes. *See Florida Medical Center, Inc. v Von Stetina,* 436 So.1d 1022 (Fla. 4th DCA 1983), *reversed on other grounds,* 474 So.2d 783 (Fla. 1985). The challenged statutes therefore violate the equal protection guarantees of both the Florida Constitution and the United States Constitution.

To cap a plaintiff's damages at a specified numerically-defined amount without regard to the actual damages caused by a defendant's malpractice is, by definition, to draw an entirely arbitrary line between recovery and non-recovery. *See Smith v Department of Insurance, supra.* In addition, a statutory scheme which allows insignificantly injured medical malpractice victims to recover the full amount of their damages, but which deprives seriously injured victims of a full recovery (with the extent of that deprivation *increasing* as the extent of injury increases) is both unreasonable and oppressive. *Compare Lasky v State Farm Insurance Co.,* 296 So.2d 9 (Fla. 1974) (no-fault statute which requires tort victims to insure against minor losses but preserves tort remedies for recovery of major losses is reasonable). The challenged statutes therefor violate the procedural and substantial due process guarantees of both the Florida Constitution and the United States Constitution.

The challenged statutes were promulgated as part of Chapter 88-277, Laws of Florida, which contains numerous additional statutes on various disparate subjects not intrinsically related to a unified whole. The challenged statutes were therefore enacted in violation of the "single-subject requirement" of Article III, § 6 of the Florida Constitution.

Finally, the challenged statutes delegate to the defendant the unilateral right to force the plaintiffs to elect between two different procedural courses by which they will enforce their substantive rights, and

196

they grant to the defendant the unilateral right to determine the extent to which those substantive rights can be efficaciously enforced. It is uniquely a judicial function to administer the enforcement of substantive rights, however, and the legislature may not permissibly delegate that function to the only wrongdoer involved in otherwise constitutionally protected litigation. The challenged statutes therefore violate Article II, § 3 of the Florida Constitution.

### 3. Conclusion.

For all of the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

(1) Sections 766.207 and 766.209, Fla. Stat. (1988 Supp.), violate several provisions of the Florida Constitution and the United States Constitution, and they are hereby declared unconstitutional;

(2) The Plaintiffs need not elect between arbitration and jury trial; they are entitled to a jury trial of their medical malpractice claims against the defendant, at which they may recover the total amount of their actual damages.

DONE and ORDERED in Miami, Dade County, Florida, this 4th day of April, 1990.