632 So.2d 236 (1994)
Thomas MARTIN, Jr. and Carolyn Martin, Appellants,
v.
CITY OF MONTICELLO, Appellee.
No. 92-1080.
District Court of Appeal of Florida, First District.
February 18, 1994.
*237 Ford L. Thompson and Murray M. Wadsworth, Wadsworth & Davis, P.A., Tallahassee, for appellants.
Will J. Richardson, Richardson Law Offices, P.A., Tallahassee, for appellee.

ON MOTIONS FOR REHEARING AND CLARIFICATION
PER CURIAM.
Appellants' motion for clarification of our prior opinion is hereby granted. Appellants' motion for clarification of our prior order granting attorney's fees is hereby granted by unpublished order to be issued simultaneously with this opinion. Appellee's motion for rehearing and clarification of our prior opinion is hereby granted in part, but only for the purpose of clarification. We hereby withdraw our prior opinion and substitute the following opinion therefor.
Appellants, Thomas and Carolyn Martin, appeal the order of the circuit court finding that appellee City of Monticello had taken an easement to discharge treated sewage effluent onto a 190.5 acre tract of mostly wetland area owned by appellants rather than a fee simple interest in the affected property. Agreeing with appellants' contention that the City's discharge of treated sewage effluent constitutes a taking of the fee simple interest in the 190.5 acre parcel, we reverse and remand.
The uncontroverted testimony at hearing of appellants' inverse condemnation petition showed that the City had constructed a sewage treatment system consisting of three elements: a treatment plant; a manmade wetland; and a natural wetland, including approximately 160 acres of wetland owned by appellant. As designed, the City will discharge more than one inch of treated effluent per acre per week onto appellants' property on a continuing basis. We find such a continuing invasion of appellants' property to constitute a taking of the fee simple interest in the 190.5 acre parcel. On remand, we direct the trial court to conduct a jury trial for the purpose of determining the fair market value of the 190.5 acre parcel taken by the City of Monticello.
Appellants' motion for clarification of our prior opinion notes some variance between the legal description of the approximately 190.5 acre parcel of land as described in the City's application for a permit to construct a sewage system, submitted to the Department of Environmental Regulation, and the legal description prepared by property appraiser Albert Odom. Appellants point out that the description provided by Mr. Odom contains a typographical error, and request that such error be noted. We hereby adopt appellants' suggestion and specify that our decision pertains to the 190.5 acre parcel as described in the City's application for a permit to construct the sewage disposal system.
REVERSED and REMANDED for further consistent proceedings.
BARFIELD and MINER, JJ., and SHIVERS, Senior Judge, concur.