677 So.2d 90 (1996)
DIAMOND K CORPORATION, a Florida corporation, d/b/a D & K Nurseries and Landscaping, Appellant,
v.
LEON COUNTY, a political division of the State of Florida, and State of Florida, Department of Transportation, Appellees.
No. 95-2452.
District Court of Appeal of Florida, First District.
July 25, 1996.
Will J. Richardson, Tallahassee, for Appellant.
Herbert W.A. Thiele, County Attorney; Celeste F. Adorno, Assistant County Attorney, Tallahassee, for Appellee Leon County, Florida.
Thornton J. Williams, General Counsel; Marianne A. Trussell, Assistant General Counsel, Tallahassee, for Appellee Department of Transportation.
PER CURIAM.
Diamond K Corporation challenges final judgments entered in favor of appellees, Leon County and the Florida Department of Transportation, the defendants in the appellant's inverse condemnation suit. Because the record contains no evidence that the appellees' activities permanently deprived Diamond *91 K of the beneficial use of its property so as to constitute a taking, we affirm.
Diamond K operates a business on approximately 10 acres of property located on the south side of an east-west thoroughfare, State Road 10 (Tennessee Street), in Leon County. A corner of the property is traversed by the north branch of Gum Creek, which is utilized as a part of the stormwater management system of Leon County. Sometime in the late 1970's, Leon County dredged a channel in the creek to a width of eight feet for mosquito control purposes. In addition, since the property was purchased in 1972, extensive development has occurred north of Diamond K's property, with approval of the county, which has created additional surface water flow into the creek. In 1984, the Florida Department of Transportation (DOT), at the request of Leon County, added a 72 inch culvert to the two culverts already existing under State Road 10 to allow for the increased flow of Gum Creek. Diamond K claims that these activities have cumulatively caused Gum Creek to widen and that during rainstorms the creek so swells with surface water runoff that the Diamond K property does not properly drain. As a result, appellant filed an action for a declaration of taking without compensation.
After a bench trial, the lower court entered a final judgment in favor of each appellee. With respect to Leon County, the lower court found that Diamond K had failed to prove that any activity on the part of the county constituted a "continuing physical invasion" of appellant's property sufficient to constitute a taking. As for DOT, the trial court similarly found "no continuing physical invasion" and "no substantial ouster or deprivation of all beneficial use of the subject property." In so concluding, the lower court distinguished the instant case from Leon County v. Smith, 397 So.2d 362 (Fla. 1st DCA 1981).
On appeal, Diamond K argues that Smith requires reversal. We disagree. In Smith, the trier of fact determined that a taking occurred when flooding rendered certain property "useless and permanently deprived [the landowners] of all beneficial enjoyment thereof." 397 So.2d at 364 (emphasis added). Because the record below contains no evidence that any activity on the part of either appellee has permanently deprived Diamond K of all beneficial use of its property, we find no basis to reverse the trial court's conclusion that the actions of the appellees did not constitute a taking. See, State, Dept. of Transportation v. Donahoo, 412 So.2d 400 (Fla. 1st DCA 1982). Our affirmance, however, is without prejudice to the appellant seeking damages for any flooding injury to its land caused by a third party's interference with or increase of the surface water flow onto the land. See, Westland Skating Center, Inc. v. Gus Machado Buick, Inc., 542 So.2d 959, 961-963 (Fla.1989).
AFFIRMED.
JOANOS, BENTON and VAN NORTWICK, JJ., concur.