884 So.2d 116 (2004)
Council A. BROWN, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. 2D03-3753.
District Court of Appeal of Florida, Second District.
July 2, 2004.
Rehearing Denied August 9, 2004.
Hank B. Campbell and Jack P. James, III, of GrayRobinson, P.A., Lakeland, for Appellant Brown.
Pamela S. Leslie and Marianne A. Trussell of the Department of Transportation, Tallahassee, for Appellee.
WHATLEY, Judge.
Council A. Brown appeals the final judgment awarding him compensation for the whole taking of his property in an eminent domain action initiated by the Department of Transportation (DOT) on March 13, 2000. We reverse.
The DOT sought to condemn Brown's property for the Lakeland In-Town Bypass Project. Brown had leased the subject property to various automobile dealerships over the years. Two appraisers engaged by the DOT for this project tracked the rental history of Brown's property, and they both noted that Brown's rental income from the property had declined from $2500 a month in the mid-1980s to $1500 per month for a lease that terminated in 1999. Both appraisers noted in their reports that Brown said he believed the decline in rental income was due to the impending road project, i.e., condemnation blight. They also noted that the lessee of the property from 1989 to early 1994 stated that the probable taking of the property was a major reason she did not renew her lease with Brown. She advised the appraisers that her lease contained a clause allowing for the termination of the lease based on the probable taking of the property due to the Bypass Project.
Prior to trial, DOT successfully moved in limine to prevent any testimony "to show lost rents, a reduction in rents, the inability to find and retain tenants, and/or a depreciated or depressed value of the subject property." Thus, the jury heard testimony at trial regarding the decrease in lease amounts, but no explanation as to the reason for the decrease. For example, DOT questioned Brown's appraiser on *117 cross-examination regarding how a thirteen-year-old lease was a comparable rent. In light of the ruling in limine, the appraiser could not explain that the thirteen-year-old lease was unaffected by knowledge of condemnation blight. Similarly, when the appraiser was then asked if he was aware that as late as 1998 the property had been leased for $1500 a month, he could only answer in the affirmative.[1]
In State Road Department v. Chicone, 158 So.2d 753, 757 (Fla.1963), the Florida Supreme Court disapproved of admitting evidence of the effect of the pending road project on the value of properties sought to be condemned, finding sound and applicable the following reasoning of the United States Supreme Court in United States v. Virginia Electric and Power Co., 365 U.S. 624, 636, 81 S.Ct. 784, 5 L.Ed.2d 838 (1961):
The court must exclude any depreciation in value caused by the prospective taking once the Government `was committed' to the project. * * * As one writer has pointed out, `(i)t would be manifestly unjust to permit a public authority to depreciate property values by a threat * * * (of the construction of a government project) and then to take advantage of this depression in the price which it must pay for the property' when eventually condemned.
(Citations omitted; punctuation in original). The supreme court further stated in Chicone:
There can be no doubt that the threat of condemnation restricts the owner's economic use of property in the interim leading to the actual taking, as it did in this case. It prevents the owner from putting his property to the highest and best use. It would be neither fair, equitable or just to compensate him for value of his property as established by such limited and restricted use.
158 So.2d at 758. Accord Dep't of Transp. v. Gefen, 636 So.2d 1345, 1346 (Fla.1994) ("[W]e have held that a condemning authority cannot benefit from a depression in property value caused by a prior announcement of intent to condemn."); see also § 73.071(5), Fla. Stat. (2000).
Because the trial court erred in granting DOT's motion in limine, it also erred in failing to grant the following jury instruction requested by Brown, which instruction encompassed the reasoning of the above-cited cases as well as section 73.071(5):
If you find from the evidence that the fair market value of the property taken in this case decreased because of the prospect of condemnation, you should disregard that decrease and base your award on the value of the property as it would be at the time of the taking without the threat of condemnation. In other words, the full compensation that is due the owner for the taking of his property should be the value of the property as it would have been at the time of the taking uninfluenced by the fact that it was to be taken in this proceeding.
Accordingly, we reverse the final judgment and remand for a new trial.
NORTHCUTT and COVINGTON, JJ., Concur.
NOTES
[1] Brown and his appraiser proffered testimony outside the presence of the jury regarding the effect of condemnation blight on Brown's rental income from the property.