PER CURIAM.
 

 The State of Florida, Department of Environmental Protection, on behalf of the
 
 *98
 
 Board of Trustees of the Internal Improvement Fund, (“the State”) appeals final judgments entered on jury verdicts awarding compensation to property owners in condemnation proceedings. We affirm.
 

 This case involved the condemnation of two parcels of land in North Key Largo, Florida (“Parcels 1 and 2”). Between 1950 and 1977, Everett G. West, R. Furman Richardson, and others (collectively “the landowners”) bought Parcels 1 and 2. After buying these parcels, the landowners did not apply for permits or other use authorization for their properties.
 

 Beginning in 1982, the State showed an intent to acquire Parcels 1 and 2, among other areas, for habitat conservation. The State did not file eminent domain actions, however, until March, 1995. In response, the landowners filed affirmative defenses and inverse condemnation counterclaims, litigating the issue of just compensation.
 

 The parties stipulated to
 
 de jure
 
 taking dates for the parcels in 2004. The issue of proper compensation for the takings went to a jury trial. The trial court instructed the jury to determine the fair market value of each parcel as of the 2004
 
 de jure
 
 taking dates according to the highest and best uses the parcels would have had in 1982. The jury returned verdicts valuing Parcel 1 at $5,060,000, and Parcel 2 at $480,000. The State appeals the final judgments awarding these amounts.
 

 On appeal, the State, among other grounds, contends the trial court’s valuation rulings authorized inverse condemnation claims outside the four-year time period for filing such actions. The landowners, on the other hand, assert that the trial court properly instructed the jury on the applicable valuation principles. We agree with the landowners.
 

 A taking occurs when governmental regulation substantially denies the landowner of all economically beneficial or productive use of his or her property.
 
 See Lucas v. S.C. Coastal Council,
 
 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992);
 
 Tampa-Hillsborough County Expressway Auth. v. A.G.W.S. Corp.,
 
 640 So.2d 54 (Fla.1994). Generally, the governmental entity institutes eminent domain proceedings to effectuate a formal taking.
 

 Where no formal exercise of eminent domain power is undertaken, a property owner may file an inverse condemnation claim to recover the value of property that has been
 
 de facto
 
 taken.
 
 See Collins v. Monroe County,
 
 999 So.2d 709 (Fla. 3d DCA 2008);
 
 City of Pompano Beach v. Yardarm Restaurant, Inc.,
 
 641 So.2d 1377 (Fla. 4th DCA 1994). In such cases, the inverse condemnation claim must be filed within four years of the taking date. § 95.11(3)(p), Fla. Stat (2008);
 
 New Testament Baptist Church, Inc. of Miami v. State, Dep’t of Transp.,
 
 993 So.2d 112, 113 (Fla. 4th DCA 2008).
 

 However, a property owners compensation must await the actual taking of his or her property.
 
 See Dept, of Transp. v. Gefen,
 
 636 So.2d 1345, 1346 (Fla.1994). Additionally, the compensation is based on the value of the property without the effects of “the debilitating threat of condemnation.”
 
 State Road Dept, of Fla. v. Chicone,
 
 158 So.2d 753, 758 (Fla.1963);
 
 see also Dade County v. Still,
 
 377 So.2d 689 (Fla.1979);
 
 Brown v. Dept, of Transp.,
 
 884 So.2d 116 (Fla. 2d DCA 2004);
 
 Savage v. Palm Beach County,
 
 912 So.2d 48 (Fla. 4th DCA 2005). This is what is commonly referred to as “condemnation blight valuation.”
 

 Here, contrary to the States position, the trial court correctly determined
 
 *99
 
 that this was not an inverse condemnation claim because the State filed eminent domain proceedings. The actual taking did not occur until 2004. However, in compensating the landowners the jury had to consider the effect of the States pre-condem-nation action on the property value. Thus, applying “condemnation blight” principles, the trial court correctly instructed the jury to consider the properties highest and best uses in 1982.
 

 Accordingly, we affirm the final judgments entered below.
 

 Affirmed.