PALMER, J.
 

 Roy Hansen, Jane Hansen, and Clifford D. Bergeron (collectively “landowners”) appeal the trial court’s final judgment, which ruled that they failed to prove that the City of Deland (“City”) had engaged in a taking of their properties. Finding no error, we affirm.
 

 
 *655
 
 The landowners owned property located in an unincorporated area of Volusia County, near the Cross Creek Subdivision in Deland, Florida. That subdivision was naturally divided into two drainage basins, basin A and basin B. Three consecutive hurricanes in 2004, along with record amounts of rainfall in 2005, resulted in the flooding of a portion of the subdivision near basin B. In response to the flooding, the City pumped storm water from basin B to the dry retention area in basin A. Although the City never pumped any water directly onto the landowners’ properties, after the pumping the water on their properties rose quickly and ultimately measured 12 feet deep at its highest level. The portions of the properties affected were low lying, former sink hole depression areas. The properties remained partially flooded for about 15 months. Each landowner lost numerous trees located in the flooded area.
 

 The landowners filed suit against the City for inverse condemnation alleging that the flooding condition caused by the City’s decision to pump storm water from basin B to basin A constituted an illegal taking of their properties and, accordingly, they were entitled to receive compensation from the City. The matter proceeded to a non-jury trial on the issue of liability. The trial court found that the City’s pumping was the cause of the flooding on the landowners’ properties and that the resulting standing water killed the trees. However, the trial court denied the landowners’ claim for relief because the water did not affect the house or driveway on either property; only about one-tenth of one yard and one-third of the other yard was under water; the tree damage was aesthetic, not commercial damage; and the parties were allowed full use of their homes during the flooding. In short, the trial court concluded that the landowners had not established that a compensable taking had occurred because they failed to prove that they were temporarily denied any reasonable use of their properties. The court also noted that the destruction of the trees, if negligent, constituted a tort, which was not a cause of action alleged in the complaint.
 

 The landowners maintain that the trial court erred in concluding that they were not entitled to be compensated for all damages caused by the flooding, including the loss of trees. We disagree.
 

 A property owner can file an inverse condemnation claim to recover the value of property that has been
 
 de facto
 
 taken by a government entity.
 
 Fla. Dep’t of Envir. Protection ex rel. Board of Trustees v. West,
 
 21 So.3d 96 (Fla. 3d DCA 2009). Recently, in
 
 Drake v. Walton County,
 
 6 So.3d 717 (Fla. 1st DCA 2009), the First District addressed a similar claim of inverse condemnation based on flooding. The court explained:
 

 We have previously held that a county takes private property when it directs a concentrated flow of water from one property onto another, permanently depriving the owner of all beneficial enjoyment of their property.
 
 Leon County v. Smith,
 
 397 So.2d 362, 364 (Fla. 1st DCA 1981);
 
 Martin v. City of Monticello,
 
 632 So.2d 236, 237 (Fla. 1st DCA 1994). To assert an inverse condemnation claim based on such governmental action, the property owner must demonstrate that the government’s action constitutes a substantial interference with her private property rights for more than a momentary period, and will be continuous or reasonably expected to continuously recur, resulting in a substantial deprivation of the beneficial use of her property.
 
 See Elliott v. Hernando County,
 
 281 So.2d 395, 396 (Fla. 2d DCA 1973)(not-ing that “rain is a condition that is reasonably expected to continually re-occur in the future)”;
 
 Assoc, of Meadow Lake, Inc. v. City of Edgewater,
 
 706 So.2d 50 (Fla. 5th DCA 1998);
 
 cf. Diamond K
 
 
 *656
 

 Corp. v. Leon County,
 
 677 So.2d 90 (Fla. 1st DCA 1996)(holding that no taking occurred as a result of flooding of a creek in the appellant’s property because the appellant had not shown that a continuing physical invasion occurred, depriving it of all reasonable use of its property). A taking is more likely to have occurred when a governmental action confers a public benefit rather than prevents a public harm.
 
 Graham v. Estuary Properties, Inc.,
 
 399 So.2d 1374, 1381 (Fla.1981).
 

 Id.
 
 at 720-21;
 
 See also Associates of Meadow Lake, Inc. v. City of Edgewater,
 
 706 So.2d 50, 52 (Fla. 5th DCA 1998) (noting that if substantial periodic flooding occurred and was expected to recur and such flooding denied landowner any reasonable use of its property because City defectively constructed its project, a cause of action for inverse condemnation would lie).
 

 Here, the trial court found that the landowners offered no evidence demonstrating that they suffered a substantial deprivation of all beneficial use of their properties during the period the land was flooded. That finding was supported by competent substantial evidence presented at trial. As such, the trial court did not err in concluding that no compensable taking took place.
 
 See South Florida Water Management Dist. v. Basore of Florida, Inc.,
 
 723 So.2d 287 (Fla. 4th DCA 1998)(holding generally, to support a claim for inverse condemnation associated with flooding, the flooding must be an actual, permanent invasion of the land, amounting to an appropriation of, and not merely an injury to, the property);
 
 Diamond K Corp. v. Leon County,
 
 677 So.2d 90 (Fla. 1st DCA 1996)(holding no taking of plaintiffs land resulted from state and county’s activities that increased flow of creek that traversed plaintiffs property, despite plaintiffs claim that, during rain storms, creek so swelled with surface water runoff that plaintiffs property did not properly drain; there was no evidence that any activity on part of state or county permanently deprived plaintiff of all beneficial use of that property).
 

 Although the landowners cite a number of taking cases which contain language which appears to support their arguments in this case, all of those cases arise in a context other than flooding waters.
 
 [1]
 

 See, e.g., In re Forfeiture of 1976 Kenworth Tractor Trailer Truck,
 
 576 So.2d 261 (Fla. 1990). The flooding cases universally support the trial court’s conclusion in this case.
 

 AFFIRMED.
 

 LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 . We note that the landowners also extensively argue their position in reliance on an opinion of this court which was withdrawn and replaced by an
 
 ert banc
 
 decision.
 
 See VLX Properties, Inc. v. Southern States Utilities, Inc.,
 
 25 FLW D1745 (Fla. 5th DCA July 21, 2000) withdrawn 792 So.2d 504 (Fla. 5th DCA 2001),
 
 review denied,
 
 817 So.2d 852 (Fla. 2002). Such reliance was misplaced because an opinion withdrawn by this court is of no precedential value and, as such, it is improper to cite it as precedent.