190 So.2d 598 (1966)
STATE ROAD DEPARTMENT of Florida, a State Agency, Appellant,
v.
H.B. LEWIS and D.M. Lewis, Co-Partners, d/b/a M.G. Lewis & Sons Garage, and Florida Reduction Corporation, a Florida Corporation, Appellee.
No. G-525.
District Court of Appeal of Florida, First District.
September 6, 1966.
Rehearing Denied October 18, 1966.
*599 P.A. Pacyna, Tallahassee, for appellant.
Cecil G. Costin, Jr., Port St. Joe, and Benjamin H. Dickens, Tallahassee, for appellee.
RAWLS, Chief Judge.
The lengthy judicial history preceding this appeal is reported in 79 So.2d 699 (Fla. 1955), 95 So.2d 248 (Fla. 1957), cert. den. 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261, 156 So.2d 862 (1963), and 170 So.2d 817 (1964). Here, it is sufficient to state that the Lewises instituted this inverse condemnation suit in 1960 seeking compensation for damages caused by the State Road Department while building a viaduct and making certain road improvements partly on property belonging to the Lewises and being used by them as a garage for the sale and service of new and used cars. The trial judge decreed that there had been a taking and transferred the cause to the law side of the court for a determination of the amount of the damages and the value of the property taken. This decree was affirmed though modified as to the extent of the taking by both this court (156 So.2d 862) and by the Supreme Court (170 So.2d 817). On remand the cause was transferred to the law side of the court where it advanced through the pretrial stages, a jury trial, and culminated in a judgment for the Lewises. From this judgment the Road Department has again appealed, arguing seven points.
The Road Department in its first point questions the type of proceeding had in this cause. It contends that since the complaint was in the nature of an inverse condemnation action, the chancellor should have entered a final decree, requiring the Road Department to institute an eminent domain proceeding at law. There is no doubt that such might be the better practice, however, the procedure utilized here  that is the transfer to the law side of the court for a jury trial on the question of damages  does have some foundation in our *600 case law,[1] did not mislead either party, and was not questioned by the Road Department at any prior stage. On the contrary the record discloses participation in and acceptance by the Road Department in all stages of the trial. The Department apparently elected to defend this action rather than file its petition in eminent domain. Technically, the procedural aspect of this cause may have been subject to challenge at the outset of the trial, but from a practical standpoint the route followed was a most expeditious one fully protecting the rights of the parties.
Next the Department questions the propriety of the allowance of attorney's fees in an inverse condemnation case. We summarily dispose of this contention by observing that the sovereign without due process confiscated property belonging to one of its citizens. Viewing the Department's argument to a logical conclusion, we find its position to be that if it complies with the law of this state by instituting an eminent domain action, it is liable for attorney's fees; but if it unlawfully appropriates a citizen's property without instituting such an action, it thus escapes liability for the attorney's fees incurred by the aggrieved owner. The absurdity of this argument disposes of this point contra to the Department's contention.
The Road Department argues that interest on the value of the property taken should only be allowed from date of judgment. We concur with the trial court's finding that the Road Department is liable by law for interest from the time of taking,[2] and the time of taking was established by the stipulation of the parties as being September 1, 1956.
Finally, the Road Department questions the amount allowed by the trial judge for attorney's fees for appellee's attorneys in this cause. The amount is rather substantial; however, we do not find it excessive considering the many years of extensive litigation required for appellees to judicially establish their rights which were transgressed by the sovereign.
We have carefully considered the other points urged by appellant and find that they are without merit. Therefore, the judgment appealed is
Affirmed.
WIGGINTON and CARROLL, DONALD, K., JJ., concur.

ON PETITION FOR REHEARING
RAWLS, Chief Judge.
By petition for rehearing, Appellee Lewis urges this Court to clarify its opinion filed September 6, 1966, wherein after considering the type proceeding held, we stated, "* * * the route followed was a most expeditious one fully protecting the rights of the parties." Lewis points out that the trial court in its initial final decree provided in part, "That this cause is hereby transferred to the law side of the court for eminent domain proceedings"; that the two volumes of testimony in this cause were styled as follows: "State Road Department of Florida, a State Agency, Petitioner, v. H.B. Lewis and D.M. Lewis, Co-Partners, d/b/a M.G. Lewis & Sons Garage, and Florida Reduction Corporation, a Florida Corporation, Defendants"; and that the court in instructing the jury at the beginning of the trial of the eminent domain case stated:
"This is a condemnation case, and for the purpose of clarity, the State Road Department will be  is the Petitioner, and it is alleged that they're taking certain *601 land of the Defendants, H.B. Lewis and D.M. Lewis, doing business as M.G. Lewis and Sons Garage. The defendants, Lewis, will be referred to simply as `defendants  wherever that word is used, it means H.B. Lewis and D.M. Lewis, Co-partners, doing business as Lewis and Sons Garage. The State Road Department is actually the Petitioner, will probably be referred to exclusively in this trial as `The State'  wherever `The State' is referred to in any way, it means the State Road Department of Florida, the Petitioner in this case."
Lewis further notes that the record discloses a notice sent by the State Road Department to Lewis State Bank, an intervenor, advising:
"You are hereby notified that the following described property situate in Gulf County, Florida, is the subject of an eminent domain proceeding presently pending in the Circuit Court, Fourteenth Judicial Circuit of Florida, in and for Gulf County."
In short, the petition for rehearing by reference to various excerpts in this cause points out that an eminent domain trial was had in this cause and that same was recognized as such by the State Road Department at all stages of the proceedings.
In our prior opinion we stated, "The Department apparently elected to defend this action rather than file its petition in eminent domain." By such statement we did not intend to convey the meaning that the Road Department did not take affirmative action.
What happened in this cause is that Lewis filed its complaint in inverse condemnation. We do not find in the record a formal eminent domain petition filed on behalf of the State Road Department. However, from the time of the transfer of the case to the law side of the court, the record is replete with references to the Road Department as being the Petitioner and the Lewises as being the Defendants. There is no doubt from a perusal of this record that all of the parties considered the trial of this cause before the jury as a proceeding in eminent domain brought on behalf of the Road Department and defended by the Lewises; and upon completion thereof, the action of the jury was then incorporated in the initial proceedings filed by the Lewises against the Road Department.
As clarified by the foregoing observations, the prior opinion of this Court is adhered to in every respect.
CARROLL, DONALD K., and WIGGINTON, JJ., concur.
NOTES
[1] See State Road Department v. Darby, 109 So.2d 591 (Fla.App.1st, 1959), and State Road Department v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941).
[2] Section 74.061, Florida Statutes, F.S.A.