435 So.2d 247 (1983)
COUNTY OF VOLUSIA, Appellant,
v.
W.R. PICKENS, et al., Appellee.
No. 82-577.
District Court of Appeal of Florida, Fifth District.
April 27, 1983.
Rehearing Denied June 15, 1983.
*248 Daniel R. Vaughen, Asst. County Atty., Deland, for appellant.
Peter B. Heebner of Van Wert, Heebner & Kennedy, P.A., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order awarding attorney's fees and court costs in an inverse condemnation case.
As to the question of whether a successful plaintiff in an inverse condemnation case should be entitled to his fees and costs from the defendant, we answer in the affirmative and adopt the following reasoning of the First District Court of Appeal in State Road Dept. v. Lewis, 190 So.2d 598, 600 (Fla. 1st DCA), cert. dismissed, 192 So.2d 499 (Fla. 1966):
Next the Department questions the propriety of the allowance for attorney's fees in an inverse condemnation case. We summarily dispose of this contention by observing that the sovereign without due process confiscated property belonging to one of its citizens. Viewing the Department's argument to a logical conclusion, we find its position to be that if it complies with the law of this state by instituting an eminent domain action, it is liable for attorney's fees; but if it unlawfully appropriates a citizen's property without instituting such an action, it thus escapes liability for the attorney's fees incurred by the aggrieved owner. The absurdity of this argument disposes of this point contra to the Department's contention.
The next question involves whether the court awarded the proper amount. There was ample evidence, chiefly from appellee's attorney, which supports the amount awarded, thus the trial court did not err in this regard. There is some argument presented regarding from what date the plaintiff became entitled to fees and costs and for what services he should be reimbursed. The plaintiff is entitled to recover a reasonable amount for all costs and attorney's fees reasonably and necessarily expended in connection with the investigation, research, preparation and presentation of the case, both at the trial level and the appellate level. cf: Division of Administration v. Morgan, 281 So.2d 905 (Fla. 1st DCA 1973).
It is our opinion that if a governmental authority takes property then that government must pay all consequent legally recognized damages, costs and fees, regardless of whether the taking was by direct or inverse condemnation.
AFFIRMED.
SHARP and COWART, JJ., concur.