MILLS, Judge.
The City of Jacksonville appeals an order fixing an attorney’s fee and providing prejudgment interest for Young. We affirm.
This action arose from the City’s demolition of two houses belonging to Young. Young filed a multiple count complaint, including a count in inverse condemnation. The City did not test this complaint in any pretrial motions. The City did not object to the trial of the case on the theory of inverse condemnation nor to the jury instructions given at the conclusion of the trial.
The City now argues that this action could not be one for inverse condemnation because the proper procedure for such an action was not followed. Ordinarily, the court, in an equitable proceeding, determines that a taking occurred and orders the condemnor to institute an action. A condemnation proceeding then follows as if the authority instituted the action voluntarily, Kirkpatrick v. City of Jacksonville, 312 So.2d 487 (Fla. 1st DCA 1975).
In the case before us, a six-person law jury was allowed to find that the City had taken Young’s property and to determine a value for the property.
The City waived this issue by not raising the issue until post-trial motions regarding fees and interest. State Road Department v. Lewis, 190 So.2d 598 (Fla. 1st DCA 1966). Attorney’s fee and prejudgment interest were properly awarded.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.