DELL, Judge.
The State appeals from an order awarding appellees attorney’s fees and costs in a condemnation proceeding.
Pursuant to Chapter 73, Florida Statutes (1983), the State sought to condemn property to widen State Road 70 in St. Lucie County. Its complaint excepted certain existing road rights-of-way from the description of property to be taken. After the trial court entered its order of taking, ap-pellees secured the court’s permission to file a counterclaim. In their counterclaim, appellees alleged that the State wrongfully claimed as rights-of-way property which actually belonged to them, and by so doing, inversely condemned that property. Appel-lees prevailed on the merits in the trial court, but this court reversed, holding that the State had proved a dedication under various theories, including statutory dedication by maintenance. Division of Administration v. Ideal Holding Co., 427 So.2d 392 (Fla. 4th DCA), petition for review denied, 436 So.2d 98 (Fla.1983). On remand, the trial court awarded appellees attorney’s fees and costs under Section 73.-091, Florida Statutes (1983), including fees and costs attributable to appellees’ ultimately unsuccessful counterclaim for inverse condemnation.
The State argues that an owner cannot collect attorney’s fees or costs in an inverse condemnation action unless he first proves a taking, and that when this court reversed the trial court’s finding that a taking had occurred, appellees lost their right to fees and costs incurred in connection with the inverse condemnation counterclaim. Ap-pellees contend that Chapter 73 governed the eminent domain proceeding commenced by the State, and therefore Section 73.091 applies to entitle them to fees and costs.
When the State institutes a Chapter 73 proceeding in the circuit court, Section 73.091 provides:
The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney’s fee to be assessed by that court.
Section 73.092, Florida Statutes (1983), furnishes the criteria which the court shall consider in awarding fees:
Attorney’s fees.—In assessing attorney’s fees in eminent domain proceedings, the court shall consider:
(1) Benefits resulting to the client from the services rendered.
(2) The novelty, difficulty, and importance of the questions involved.
(3) The skill employed by the attorney in conducting the cause.
(4) The amount of money involved.
(5) The responsibility incurred and fulfilled by the attorney.
(6) The attorney’s time and labor reasonably required adequately to represent the client.
However, under no circumstances shall the attorney’s fees be based solely on a percentage of the award.
Neither of these statutes condition the State’s obligation to pay reasonable costs and attorney’s fees upon the form of the owner’s defenses, e.g., inverse condemnation, or upon the procedural devices, e.g., a counterclaim, used to bring them to issue. Although the outcome of the proceeding may affect the amount awarded for costs and reasonable attorney’s fees, it does not as a general rule abrogate the State’s obligation to pay such fees and costs.[1] The *245 State argues that it can escape its statutorily mandated obligation to pay the owners’ costs and fees based solely upon the source of the owners’ defensive claims and appel-lees’ failure to prove a taking.[2] We find this argument strikingly similar to that which it made and the court rejected in State Road Department v. Lewis, 190 So.2d 598, 600 (Fla. 1st DCA 1966), cert. dismissed, 192 So.2d 499 (Fla.1966). In Lewis, the court discussed the propriety of an allowance of attorney’s fees in an inverse condemnation case:
Viewing the Department’s argument to a logical conclusion, we find its position to be that if it complies with the law of this state by instituting an eminent domain action, it is liable for attorney’s fees; but if it unlawfully appropriates a citizen’s property without instituting such an action, it thus escapes liability for the attorney’s fees incurred by the aggrieved owner. The absurdity of this argument disposes of this point contra to the Department’s contention.
The State correctly argues that an owner in an original proceeding seeking inverse condemnation must prove a taking in order to establish his right to have the State proceed according to Chapter 73. See Askew v. Gables-By-The-Sea, Inc., 333 So.2d 56 (Fla. 1st DCA 1976), cert. denied, 345 So.2d 420 (Fla.1977). Here, however, the State commenced this action by a complaint which alleged on its face an action in eminent domain, instituted pursuant to Chapter 73, Florida Statutes, for the purpose of taking appellees’ property. Appel-lees thus had no need to prove a taking or to succeed in their inverse condemnation counterclaim in order to recover costs and fees. Since the costs and attorney’s fees attributable to appellees’ counterclaim re-suited from a Chapter 73 proceeding commenced by the State, the trial court acted properly when it ordered the State to pay them.
We caution litigants, however, that it remains for the trial judge to determine what costs and fees are reasonable. Costs and fees incurred in the prosecution of a spurious claim or defense may, in appropriate circumstances, be properly rejected by the trial court.
AFFIRMED.
LETTS, J., and COOK, JACK H., Associate Judge, concur.

. In City of Miami Beach v. Liflans Corp., 259 So.2d 515 (Fla. 3d DCA), cert. denied, 267 So.2d 83 (Fla.1972), the jury permitted the taking and found the owner entitled to no compensation, however the court permitted the owner to recover his costs and fees; Hodges v. Division of Admin., State, Dept. of Transportation, 323 So.2d 275 (Fla. 2d DCA 1975), appellate court determined that an owner who failed to prove his right to recover business damages could still recover reasonable costs and fees attributable to that claim; City of Miami Beach v. Cummings, 239 So.2d 501 (Fla. 3d DCA 1970), approved the recovery of fees by the owner where the con-demnor brought an eminent domain proceeding which was subsequently dismissed; City of St. Petersburg v. Walt, 419 So.2d 1167 (Fla. 2d DCA 1982), required payment of attorney's fees to a landowner who successfully resisted the taking; and State, Dept. of Transportation v. Shaw, 303 So.2d 75 (Fla. 1st DCA 1974), appellate court determined that an owner may recover costs

. The cases cited by the State did not, however, involve actions originally brought as Chapter 73 proceedings. See, e.g., County of Volusia v. Pickens, 435 So.2d 247 (Fla. 5th DCA 1983), petition for review denied, 443 So.2d 980 (Fla.1983); State of Florida, Dep’t of Natural Resources v. Gables-By-The-Sea, Inc., 374 So.2d 582 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1203 (Fla.1980); State Road Dep’t v. Lewis, 190 So.2d 598 (Fla. 1st DCA 1966), cert. dismissed, 192 So.2d 499 (Fla.1966).