620 So.2d 1087 (1993)
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
L.I. GEFEN, Appellee.
No. 91-03069.
District Court of Appeal of Florida, First District.
June 28, 1993.
Thornton J. Williams, Gen. Counsel, and Gregory G. Costas, Asst. Gen. Counsel, Dept. of Transp., Tallahassee, for appellant.
William L. Coalson, Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final judgment finding a compensable taking and directing the Department of Transportation (DOT) to initiate an eminent domain proceeding against the subject property.
On January 31, 1990, appellee brought an inverse condemnation action against DOT, alleging that closure of the McCoy's Creek Boulevard southbound I-95 entrance and exit ramps (I-95 ramp) destroyed the property's access to I-95, rendering the property valueless and amounting to a taking without compensation.
At final hearing, Sidney Gefen testified that the subject property had been continuously rented until DOT barricaded the I-95 ramps on September 11, 1989. Thereafter, the tenants terminated the tenancy. The premises have not been rented since.
Robert Young, a road design and traffic engineer, testified that the property was a prime piece of commercial real estate and had very good access to I-95. Young testified that the closure of the I-95 ramps substantially impacted access to and from the subject property. Ward Koutnik, a traffic engineer, testified that the closure of the I-95 ramps "virtually kills [the] site for being a profitable business."
The trial judge found that DOT's closure of the ramps amounted to a taking of the subject property, entered final judgment against DOT, and ordered DOT to institute an eminent domain proceeding so that damages could be determined.
DOT contends that because the subject property does not directly abut the interstate, changes in I-95, regardless of the *1088 impact on access to particular private property, are not to be considered in determining whether a property owner has suffered a compensable loss due to the public taking. The same argument was made and rejected in State, Department of Transportation v. Lakewood Travel Park, Inc., 580 So.2d 230, 232-233 (Fla. 4th DCA 1991),[1]review denied, 592 So.2d 680 (Fla. 1991), holding that construction which results in customers having to travel a tedious and circuitous route to reach the property and reduces the quality of access constitutes a taking.
In Palm Beach County v. Tessler, 538 So.2d 846 (Fla. 1989), the Supreme Court set out guidelines for determining whether a compensable taking has occurred, holding:
There is a right to be compensated through inverse condemnation when governmental action causes a substantial loss of access to one's property even though there is no physical appropriation of the property itself. It is not necessary that there be a complete loss of access to the property. However, the fact that a portion or even all of one's access to an abutting road is destroyed does not constitute a taking unless, when considered in light of the remaining access to the property, it can be said that the property owner's right of access was substantially diminished. The loss of the most convenient access is not compensable where other suitable access continues to exist. A taking has not occurred when governmental action causes the flow of traffic on an abutting road to be diminished. The extent of the access which remains after a taking is properly considered in determining the amount of the compensation. [emphasis added]
Under Tessler, supra, the test is whether the right of access was "substantially diminished" so that a taking occurred. This is a matter of fact and law to be determined by the trial court. Tessler, supra at 850. In the instant case, the trial court found, based on the evidence previously described, that "[t]here can be no question but that the closing of the ramp effectively denied suitable access to plaintiff's property," and that the subject property can only be reached by an "indirect, winding route through several blocks of residential neighborhood." These findings, based on evidence previously described and photographs of record, are sufficient under the law of Tessler, supra.
Accordingly, the final judgment is affirmed.
We certify to the Florida Supreme Court the following question as one of great public importance:
WHETHER AN OWNER OF COMMERCIAL PROPERTY HAS SUFFERED A COMPENSABLE TAKING WHERE ACCESS TO AN INTERSTATE HIGHWAY BY MEANS OF A STREET FRONTING ON APPELLEE'S PROPERTY IS CLOSED, AND SAID CLOSING RESULTS IN SUBSTANTIALLY DIMINISHED ACCESS TO THE SUBJECT PROPERTY, ALTHOUGH NO ACCESS FROM ABUTTING STREETS HAS BEEN CLOSED.
SMITH and ALLEN, JJ., concur.
NOTES
[1] State, Department of Transportation v. Lakewood Travel Park, Inc., 580 So.2d 230, 232-233:

[T]he DOT contends that, since the subject property did not actually abut the Turnpike, State Road 84, or State Road 7, changes in those roads and approaches thereto regardless of their impact on access to particular private property are not to be considered in determining whether a property owner has suffered a compensable loss due to the public taking.