636 So.2d 1345 (1994)
DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
L.I. GEFEN, Respondent.
No. 82132.
Supreme Court of Florida.
May 26, 1994.
Order on Motion July 7, 1994.
Thornton J. Williams, General Counsel and Gregory G. Costas, Asst. General Counsel, Tallahassee, for petitioner.
William L. Coalson, Jacksonville, for respondent.
Order on Motion for Attorney's Fees July 7, 1994.
GRIMES, Chief Justice.
We have for review Department of Transportation v. Gefen, 620 So.2d 1087, 1088 (Fla. 1st DCA 1993), in which the district court of appeal certified the following question as one of great public importance:
WHETHER AN OWNER OF COMMERCIAL PROPERTY HAS SUFFERED A COMPENSABLE TAKING WHERE ACCESS TO AN INTERSTATE HIGHWAY BY MEANS OF A STREET FRONTING ON APPELLEE'S PROPERTY IS CLOSED, AND SAID CLOSING RESULTS IN SUBSTANTIALLY DIMINISHED ACCESS TO THE SUBJECT PROPERTY, ALTHOUGH NO ACCESS FROM ABUTTING STREETS HAS BEEN CLOSED.
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
*1346 L.I. Gefen brought an inverse condemnation suit against the Department of Transportation (DOT) alleging that the closure of the Interstate 95 (I-95) entrance and exit ramps at McCoy Creek Boulevard destroyed her property's access to I-95, thereby rendering the property valueless and resulting in a taking without compensation. Gefen presented evidence that the property was prime commercial real estate and the closure of the I-95 ramps destroyed it as a profitable business site. The trial judge held that the closure of the ramps constituted a taking without compensation and entered a final judgment requiring DOT to institute an eminent domain proceeding so that damages could be determined. The district court of appeal affirmed on the authority of Palm Beach County v. Tessler, 538 So.2d 846 (Fla. 1989).
In Tessler, this Court recognized that an inverse condemnation action can lie when government activity causes substantial loss of access to property even though there is no physical appropriation of the property itself. When access from abutting roads is denied to the point that it can be deemed "substantially diminished," property rights which appertain to ownership of the land are disturbed. Id. at 849. However, the facts of this case are significantly different from those in Tessler. Gefen's access to all roads abutting her property is undiminished. She is objecting to the loss of I-95 ingress and egress from a road which abuts her property.
Here, the question is simply whether landowners who enjoy convenient access to and from limited access state highways such as I-95 have a compensable vested right to that access. This Court has ruled that they do not. No person has a vested right in the maintenance of a public highway in any particular place because the state owes no person a duty to send traffic past his door. Jahoda v. State Road Dep't, 106 So.2d 870, 872 (Fla. 2d DCA 1958), disapproved on other grounds, Department of Transp. v. Stubbs, 285 So.2d 1 (Fla. 1973). Access, as a property interest, does not include a right to traffic flow even though commercial property might very well suffer adverse economic effects as a result of reduced traffic. Stubbs, 285 So.2d at 4. The commercial impact of traffic changes was more recently addressed in Department of Transportation v. Capital Plaza, 397 So.2d 682 (Fla. 1981), in which a median, installed as part of a road widening project, channelled traffic away from and limited turns into a service station. The court ruled that there was no deprivation of access but rather a redirection of traffic, for which no recovery was available. Id. at 683.
The court below misconstrued our opinion in Tessler. While Tessler affirmed the right of a property owner to be compensated for a substantial loss of property access, we cautioned that "[a] taking has not occurred when governmental action causes the flow of traffic on an abutting road to be diminished." Tessler, 538 So.2d at 849.
While we find no taking in the instant case, the record reflects that the DOT has preliminary plans to ultimately condemn at least a portion of Gefen's property. While compensation must await the actual taking of the property, City of Miami v. Romer, 73 So.2d 285, 287 (Fla. 1954), we have held that a condemning authority cannot benefit from a depression in property value caused by a prior announcement of intent to condemn. State Road Dep't v. Chicone, 158 So.2d 753 (Fla. 1963). In Dade County v. Still, 377 So.2d 689 (Fla. 1979), the county adopted a right-of-way plan which set minimum widths for certain roads planned as arterial streets for the purpose of giving notice of potential future road expansion. When the county later condemned some of the property within the minimum width designation in order to widen a street, this Court held that compensation must be based on the value that the property had at the time of the taking had it not been subject to the depreciating threat of condemnation. We find Gefen's property to be in an analogous position. Therefore, if the DOT later condemns some or all of her property, compensation will have to be based on the value that the property would have had if the access ramps had not been closed. Still, 377 So.2d at 690.
We answer the certified question in the negative. We quash the decision below and disapprove the opinion in Department of Transportation v. Lakewood Travel Park, Inc., 580 So.2d 230 (Fla. 4th DCA 1991), which was based on a comparable analysis. We remand with directions to enter a judgment for DOT.
It is so ordered.
*1347 OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.

ORDER ON MOTION FOR ATTORNEY'S FEES

[July 7, 1994]
Gefen has filed a motion for attorney's fees for services in this Court in the above-styled case. If her claim were based upon the usual statute providing for payment of attorney's fees to the prevailing party, her motion would be summarily denied because she did not prevail. However, Gefen's claim is predicated on section 73.131(2), Florida Statutes (1991), which is a part of chapter 73 dealing with eminent domain. The statute reads as follows:
(2) The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney's fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the lower court shall be affirmed.
This statute is unique in that it requires the condemning authority to pay appellate attorney's fees in all cases except where the landowner has filed an unsuccessful appeal.
The statute was obviously enacted in contemplation of condemnation actions brought by the State. In the interest of fairness, it has been construed to include successful inverse condemnation actions. Volusia County v. Pickens, 435 So.2d 247 (Fla. 5th DCA), review denied, 443 So.2d 980 (Fla. 1983); State Road Dep't v. Lewis, 190 So.2d 598 (Fla. 1st DCA), cert. dismissed, 192 So.2d 499 (Fla. 1966). However, we cannot read the statute so broadly as to require the payment of appellate attorney's fees to Gefen under the circumstances of this case. We hold that a landowner claiming inverse condemnation is only entitled to appellate attorney's fees if the claim is ultimately successful. The fact that Gefen prevailed below does not entitle her to attorney's fees because we quashed that decision.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.