658 So.2d 548 (1995)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Robert B. KREIDER and Rosalea B. Kreider d/b/a America On the Move, Appellees.
No. 93-2734.
District Court of Appeal of Florida, Fourth District.
May 31, 1995.
Rehearing Denied August 28, 1995.
*549 Thornton J. Williams, Gen. Counsel, and Gregory G. Costas, Asst. Gen. Counsel, Dept. of Transp., Tallahassee, for appellant.
Michael G. Takac and Joseph M. Hanratty, of Forman, Krehl & Albright, Ocala, for appellees.
GROSS, ROBERT M., Associate Judge.
The State Department of Transportation appeals from an order finding a taking in an inverse condemnation action. Because the landowners suffered a "substantial loss of access" to their property under Palm Beach County v. Tessler, 538 So.2d 846, 849 (Fla. 1989), we affirm the trial court's finding of a compensable taking.
This case arose out of new construction on State Road 84 in Broward County. Before construction, appellees' property abutted State Road 84. An eastbound vehicle could access the property by making a direct right turn; westbound traffic u-turned at a median break a short distance west on State Road 84. The road reconstruction elevated State Road 84 several feet above appellees' property. DOT built a concrete retaining wall between the eastbound lanes of State Road 84 and the property. After construction was completed, there was no direct access to the property from the eastbound side of State Road 84. Visibility of the property from State Road 84 was largely eliminated. A new one-way service road abuts the property. To reach the property from eastbound State Road 84, a motorist must now travel a circuitous route an extra 1.4 miles, using the service road.[1] Instead of making a simple u-turn, a westbound driver must also travel the long and winding service road. As a result of the road project, the property is no longer suitable for its preconstruction retail use.
Under Palm Beach County v. Tessler, where all or part of access to an abutting road is destroyed, a taking occurs when a property owner's right of access has been "substantially diminished," taking into consideration the remaining access to the property. 538 So.2d at 849. Tessler attempts to constitutionally balance the competing interests of property owners and government when evaluating the effects of road construction. From a practical standpoint, broad application of Tessler would make it expensive and difficult to plan and budget for new roads, since property far from the actual construction might ultimately be entitled to compensation.
Before and after Tessler, the supreme court has narrowly applied the concept of compensable "loss of access." The trigger for beginning a Tessler analysis has been the destruction of direct access to property from an abutting road. In Department of Transportation v. Stubbs, 285 So.2d 1, 2 (Fla. 1973), *550 a north-south road directly abutting the subject property was completely closed as a result of new construction. Tessler involved the construction of a retaining wall which blocked access to and visibility of the property owner's business from the adjoining street. 538 So.2d at 847. In Department of Transportation v. Gefen, 636 So.2d 1345 (Fla. 1994), the supreme court found no compensable taking resulting from the closing of an Interstate 95 entrance and exit ramp which diminished the traffic flow by the landowner's property. Significant to the court's decision was the absence of any change in access to roads directly abutting the property.
When access from abutting roads is denied to the point that it can be deemed "no substantial diminished," property rights which appertain to ownership of the land are disturbed... . However, the facts of this case are significantly different from those in Tessler. Gefen's access to all roads abutting her property is undiminished. ...
Id. at 1346[2] (emphasis supplied). More recently, the supreme court found "no substantial loss of access" as a matter of law when the construction of a traffic control island in the middle of a street reduced one of two means of access from 44 feet to 27 feet in width. Weaver Oil Co. v. City of Tallahassee, 647 So.2d 819 (Fla. 1994).
Applying Tessler to this case, we agree with the trial court's finding that appellees' right of access was substantially diminished by the new construction. Direct access from eastbound State Road 84 no longer exists. Measured by time, distance, and difficulty of navigation, the new access route is more burdensome than that presented in Tessler. Appellees' property is hardly visible from post construction State Road 84. Contrary to DOT's contention, the property's direct access to the new service road is not the same as the preconstruction direct access to State Road 84. The service road is a one way "road to nowhere" which spills into eastbound State Road 84 a considerable distance east of the subject property. Thus, this situation is distinguishable from the "traffic flow" cases, where diminution of traffic flow on an existing road did not support the finding of a taking. See Department of Transp. v. Rubano, 636 So.2d 749, 751-52 (Fla. 4th DCA 1994), review granted, 645 So.2d 454 (Fla. 1994); Division of Admin. v. Capital Plaza, Inc., 397 So.2d 682 (Fla. 1981); Gefen, 636 So.2d at 1346. In each of these cases, there was post construction direct access to property from at least one lane of an abutting road.[3] Accordingly, we hold that the trial court's finding of a taking correctly applied Tessler to the facts.[4]
AFFIRMED.
KLEIN and PARIENTE, JJ., concur.
NOTES
[1] To access the property, an eastbound driver on State Road 84 must continue past the property about 1200 feet to the intersection of S.W. 15th Avenue; perform a u-turn onto the westbound side of State Road 84; go back past the property and veer right onto a service road; continue on the service road as it u-turns back under State Road 84 to the one-way service road leading back to appellees' property.
[2] Gefen disapproved this court's opinion in Department of Transportation v. Lakewood Travel Park, Inc., 580 So.2d 230 (Fla. 4th DCA 1991), which had expansively applied Tessler to find a taking where access to an abutting road was not changed, but access to that road was impacted by road construction away from the property.
[3] In Rubano, for example, we noted that "access to the abutting road was not eliminated by the widening of it." 636 So.2d at 752. There was access to the property from the westbound lane of State Road 84, which was also at issue in that case.
[4] This holding is consistent with two previous decisions of this court which found a Tessler taking involving properties similarly situated to the one at issue in this case. Department of Transp. v. Arms, 539 So.2d 1195 (Fla. 4th DCA 1989); Department of Transp. v. Burger King Corp., 574 So.2d 1229 (Fla. 4th DCA 1991).