MICKLE, Judge.
The Department of Transportation (DOT) challenges the jury award rendered in this eminent domain proceeding. Of the several claims raised on appeal one compels reversal, to-wit: that evidence of non-eom-pensable damages was erroneously admitted at trial.
This eminent domain proceeding involves the reconstruction of a portion of Southside Boulevard in Jacksonville. Appellees, the owners of condemned parcels, claim a reduction in the value of their property caused by the substantial impairment of access thereto following the closure of certain local roadways intersecting with Southside Boulevard. *661 At trial, in support of the claims of the property owners, appraisal testimony and evidence was admitted on the issue of the asserted loss of property value resulting from the impairment of access created by the new construction. Specifically, the extent to which the remaining property is diminished in value by reason of the impairment of access was illustrated by the use of comparable commercial property “paired sales,” that is, a comparison of the value of commercial property with suitable access as compared to the value of comparable property with unsuitable access. We agree with DOT that this evidence was admitted in error. Applying the recent Florida Supreme Court decision in Department of Transportation v. Gefen, 636 So.2d 1345 (Fla.1994), we believe it was improper to include within the assessment of compensation herein any damages for the impact of diminished access as a result of the closure of the subject roads.
As to the proper valuation herein, as we interpret Gefen, when the state takes action that diminishes traffic flow or access to a non-abutting road (for which no compensation is paid), and then later appropriates a parcel of property, the state must pay compensation for the parcel condemned based on the parcel’s value prior to the loss of access or traffic flow. Hence, no compensation is ever paid for the loss of traffic flow or loss of access to a non-abutting road on the remainder of the appropriated property. Id. at 1346.
Because the jury’s verdict herein was tainted with an element of non-compensable damages, we must reverse and remand for a new valuation proceeding. We affirm, without discussion, the remaining issues raised on appeal.
AFFIRMED in part; REVERSED in part, and REMANDED.
VAN NORTWICK, J., concurs.
BOOTH, J., dissents with no written opinion.