SHAHOOD, J.
In this inverse condemnation action, we affirm the trial court’s finding that there was no taking, and appellants, therefore, are not entitled to compensation. We agree with the trial court’s assessment that, rather than a compensable taking of access, appellants have been subjected to a non-compensable redirection of traffic flow. See, e.g., State, Department of Transportation v. G.W. Anderson, Inc., 744 So.2d 1098 (Fla. 1st DCA 1999), rev. denied, 763 So.2d 1044 (Fla.2000)(holding that no taking occurred where property owner merely had to travel a less convenient route to access her property because the major flow of traffic no longer passed by her door); see generally Palm Beach County v. Tessler, 538 So.2d 846 (Fla.1989)(“the fact that a portion or even all of one’s access to an abutting road is destroyed does not constitute a taking unless, when considered in light of the remaining access to the property, it can be said that the property owner’s right of access was substantially diminished.”); State, Department of Transportation v. Kreider, 658 So.2d 548, 549 (Fla. 4th DCA 1995), rev. denied, 669 So.2d 250 (Fla.1996)(A compensable taking results only when the right of access to an abutting road has been substantially diminished by new construction).
AFFIRMED.
DELL and TAYLOR, JJ., concur.