772 So.2d 566 (2000)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Terry KIRKLAND, et al., Appellees.
No. 1D99-4389.
District Court of Appeal of Florida, First District.
October 31, 2000.
*567 Pamela S. Leslie, General Counsel and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellant.
Will J. Richardson, Tallahassee, and Michael G. Takac of Thomas P. Callan, P.A., Orlando, for Appellees.
PER CURIAM.
The Florida Department of Transportation (DOT) appeals a non-final order in an inverse condemnation proceeding determining that, when the DOT realigned State Road 77 (SR 77) in front of the appellees' (the Kirklands') House of Seafood restaurant, a compensable taking of access occurred. Finding this case is indistinguishable from State Dep't of Transp. v. S.W. Anderson, Inc., 744 So.2d 1098 (Fla. 1st DCA 1999), rev. denied, 763 So.2d 1044 (Fla.2000), we reverse.
The Kirklands' restaurant was situated on the east side of SR 77, adjacent to North Bay in Bay County. A new bridge was constructed across North Bay and SR 77 was realigned in the vicinity of the restaurant. Prior to the construction of the project, the restaurant abutted SR 77 and had direct access to and from the parking lot of the restaurant and SR 77 for traffic traveling in either direction. After construction of the new bridge, SR 77 was moved to the west of the original roadway alignment and the old bridge was closed and converted into a fishing pier. The property still abuts and has direct access to old SR 77, which is now a public road renamed House of Seafood Drive and is under the jurisdiction of the City of Lynn Haven. House of Seafood Drive dead-ends into the fishing pier south of the appellees' property and intersects with new SR 77 approximately 1,000 feet north of the property. At that intersection, traffic traveling in either direction on SR 77 can turn onto House of Seafood Drive.
In Anderson, this court reversed an order finding a taking when, in a similar construction project in Bay County, DOT constructed a new bridge over West Bay and realigned SR 79, leaving Anderson with direct access to old SR 79. After traveling a route .42 miles long, someone leaving the Anderson property could rejoin the new SR 79. For purposes of analysis of the law, this court treated Anderson as if Anderson had a true abutter's access to SR 79. Id. at 1099. Said the court:
In our view, the present case is controlled by Gefen [Department of Transp. v. Gefen, 636 So.2d 1345 (Fla.1994)] and not by Tessler [Palm Beach County v. Tessler, 538 So.2d 846 (Fla.1989)]. Anderson has lost none of its purported abutter's access to preexisting SR 79. Of particular note, no actions of appellant [DOT] in constructing the bridge and partially realigning SR 79 have destroyed, or even diminished, Anderson's access. Instead, one must now travel a less convenient route from the newly constructed SR 79 to Anderson's property. Stated another way, the major flow of traffic on SR 79 no longer passes Anderson's door. Nevertheless, Anderson's remaining access to the roadway abutting its property is more like that in Gefen than in Tessler. The *568 redirection of traffic here does not amount to a deprivation of access. No constitutional taking has occurred, and compensation is, therefore, not available. See Gefen, 636 So.2d at 1346.
Id. at 1102.
For the same reasons, we reverse the order of taking in this case.
REVERSED.
KAHN, WEBSTER and VAN NORTWICK, JJ., CONCUR.