WARNER, J.
 

 In an inverse condemnation action, the Department of Agriculture appeals the trial court’s order denying its request for costs as the prevailing party pursuant to section 57.041, Florida Statutes. This action involves the Department’s destruction of backyard citrus trees of homeowners in Broward County in the Department’s futile attempt to eradicate citrus canker in this state.
 
 [1]
 
 Even though the Department was defeated in its claim that no taking occurred,
 
 [2]
 

 and
 
 the jury awarded damages, which resulted in a net award to the class of plaintiffs of $4,000,000, when the Department argued that no damages occurred, the Department still claims it prevailed because the class sought substantially more in damages than what the jury awarded.
 

 We find the Department’s arguments to be frivolous. No matter how one looks at the facts, the owners prevailed on the significant issues. The mere fact that the owners sought more in damages than the jury awarded does not mean that they did not prevail on both issues of liability and damages.
 

 Moreover, section 57.041, Florida Statutes, applies to all civil actions
 
 except
 
 those that are governed by specific statutes containing more particular provisions concerning the taxation of costs.
 
 See Morales v. Rosenberg,
 
 919 So.2d 476, 480 (Fla. 3d DCA 2005). Sections 73.091 and 73.092
 
 *1027
 
 specifically relate to condemnation proceedings, including inverse condemnation proceedings.
 
 See Volusia County v. Pickens,
 
 435 So.2d 247, 248 (Fla. 5th DCA 1983). Those statutes govern these proceedings.
 

 Affirmed.
 

 POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 . The history of the citrus canker eradication program is contained in
 
 Haire v. Florida Department of Agriculture,
 
 870 So.2d 774 (Fla.2004).
 

 [2]
 

 .
 
 Florida Dep’t of Agriculture v. Bogorff,
 
 35 So.3d 84 (Fla. 4th DCA 2010),
 
 review denied,
 
 48 So.3d 835 (Fla.2010).