DAMOORGIAN, J.
St. John’s Water Control District (the “District”) appeals a final judgment awarding attorney’s fees arising out of an action for inverse condemnation. Because the judgment impermissibly limited the District’s recovery to fees incurred after it filed its inverse condemnation claim, we reverse.
By way of background, the Florida Department of Transportation (“FDOT”) filed a petition to take a parcel of land owned by the District for a road widening project. This parcel was identified as Parcel 104. After FDOT completed its project, the District discovered that in addition to Parcel 104, FDOT also filled in a canal abutting Parcel 104. The canal area became known as Parcel 104A. During the pen-dency of the original condemnation proceeding, the District conducted discovery to determine who owned Parcel 104A. Ultimately, it was determined that the District owned parcel 104A, which prompted it to file an inverse condemnation counterclaim alleging that FDOT took Parcel 104A without compensating the District. The counter-claim was eventually resolved in the District’s favor, and the parties agreed that the District was entitled to its attorneys’ fees and costs pursuant to sections 73.091 and 73.092, Florida Statutes (2001).
Without objection, the trial court applied the lodestar method and found that the District was entitled to $500,000 for its attorneys’ fees and costs relating to Parcel 104A. However, in making its award, the court only considered “the time counsel spent on the case starting at and around the time the [District] amended [its] pleadings to seek the inverse condemnation of Parcel 104A.”
Under Florida law, a property owner awarded fees under the lodestar method is entitled to its reasonable attorneys’ fees for all work relating to a condemnation suit, including work performed before the date suit is actually filed. See Volusia Cnty. v. Pickens, 435 So.2d 247, 248 (Fla. 5th DCA 1983) (an inverse condemnation plaintiff was “entitled to recover a reasonable amount for all costs and attorney’s fees reasonably and necessarily expended in connection with the investigation, research, preparation and presentation of the case” despite the defendant’s argument that the plaintiffs entitlement to attorney’s fees was limited to a certain date range); State Dep’t of Trans. v. Grice Elecs., Inc., 356 So.2d 7, 7 (Fla. 1st DCA 1977) (the trial court did not err when it awarded “compensation to appellee’s attorneys for work performed before suit was filed but after condemnation was imminent”).
We hold that the trial court erred when it ruled that the District could only recover fees incurred from the time the District filed its counter-claim forward. Accordingly, we reverse and remand for the trial court to consider the limited issue of the amount of fees the District is entitled to *220 for work relating solely to Parcel 104A which was performed prior to the date it filed its inverse condemnation counterclaim.

Reversed and Remanded.

TAYLOR, J„ and CORLEW, REGINALD, Associate Judge, concur.