‘ EVANDER, J.
Caribbean Condominium Limited Partnership and Ocean Palm Golf Club Partnership (“Appellants”) appeal a supplemental'final judgment awarding attorney’s fees to the City of Flagler Beach under the Bert J. Harris Private Property Rights Protection Act (“Bert Harris Act”). The City cross-appeals the trial court’s dénial of its motion to recover its legal costs incurred in successfully defending Appellants’ inverse .condemnation claims. We affirm, without discussion, the trial court’s award of attorney’s fees to the City. However, we find merit to the City’s cross-appeal. Because the City was theprevail-ing party on Appellants’ inverse condemnation claims, we conclude that it was entitled to recover costs pursuant to section 57.041, Florida Statutes (2010).
In February 2010, Appellants filed suit against the City seeking relief under the Bert Harris Act.[1] Appellants subsequently amended their complaint to include claims for inverse condemnation. In March 2012, the City filed a motion for summary judgment as to all claims. The City’s motion was granted only as to the Bert Harris Act claims. The case proceeded to a non-jury trial on the inverse condemnation claims where the trial court ultimately entered *427 judgment in favor of the City after determining that there had been no tailing of Appellants’ property* The trial, court’s judgment was affirmed in all respects. Ocean Palm Golf P'ship v. City of Flagler Beach, 139 So.3d 463 (Fla. 6th DCA. 2014), review denied, 160 So.3d 897 (Fla.2015).
While the appeal was pending, the City filed its motion for attorney’s fees and costs. The trial court properly awarded the City attorney’s fees for time expended in successfully defending Appellants’ claims under the Bert Harris Act.[2] The trial court further awarded the City its legal costs incurred from the inception of the lawsuit through May 18, 2012 — the date on which the trial court advised the parties of its intent to enter summary judgment on the Bert Harris Act claims. However, the trial court declined to award costs subsequently incurred by the City-based on its conclusion that á governmental entity is not entitled to recover costs in an inverse condemnation action even where it is the prevailing party. We disagree.
Section 67.041, Florida Statutes (2010), authorizes a “party recovering judgment” to be awarded his or her legal costs. That statute applies to all civil actions except those that are governed by specific statutes containing more particular provisions concerning the taxation of costs. See Morales v. Rosenberg, 919 So.2d 476, 480 (Fla. 3d DCA 2006).
Appellants argue that an award of costs in an inverse condemnation action is governed by section 73.091, Florida Statutes (2010). That section provides that in an eminent domain case, the “petitioner” shall pay “all reasonable costs incurred in the defense of the proceedings in the circuit court.” § 73.091(1), Fla. Stat. Section 73.091 has been found by this court to be applicable in successful inverse condemnation actions. See Volusia Cty. v. Pickens, 435 So.2d 247 (Fla. 6th DCA 1983). There, we addressed the issue of whether a successful plaintiff in an inverse condemnation case should be entitled to recover fees and costs from .the defendant'governmental entity. In holding that the governmental entity was obligated to pay the successful plaintiff’s fees and costs, we quoted the following language from State Road Department v. Lewis, 190 So.2d 698, 600 (Fla. 1st DCA 1966):
Next the Department questions the propriety of the allowance for attorney’s fees in an inverse condemnation case. We summarily dispose of this contention by observing that the sovereign without due process confiscated property belonging to one of its citizens. Viewing .the Department’s argument to a logical con- . elusion, we find its position to be that if it complies with the .Jaw of this .state by instituting an eminent domain action, it is liable for attorney’s fees; but if it unlawfully appropriates a citizen’s property without instituting .such an action, it thus escapes liability for the attorney’s fees incurred by the aggrieved owner. The absurdity of this argument disposes *428 of this point contra to the Department’s contention.
Pickens, 435 So.2d at 248.
However, we see no reason to apply section 73.091 in an inverse condemnation action where, as in the instant case, there has been a finding that no taking occurred. We find support for this conclusion from the supreme court’s decision in Department of Transportation v. Gefen, 636 So.2d 1346 (Fla.1994). In Gefen, the property owner brought an inverse condemnation action against the Department of Transportation. 636 So.2d at 1346. The trial court found that á compensable taking had occurred and that determination was affirmed by the First District Court of Appeal. Id. The supreme court reversed, finding that no taking had occurred. Id.
Despite being unsuccessful in the appeal before the supreme court, Gefen sought attorney’s fees under section 73.131(2), Florida Statutes (1991)-the provision governing the award of attorney’s fees for appellate proceedings in eminent- domain cases. Id. at 1347.' ' That provision required a governmental' entity to pay a property owner’s reasonable appellate attorney’s fees, except upon an appeal taken by a property owner in which the judgment of the lower court was' affirmed. The supreme court denied Gefen’s motion, finding 'the' statute was not applicable where Gefen’s inverse condemnation action had been unsuccessful:'
The statute was obviously enacted in contemplation of condemnation actions brought by the State. In the interest of . fairness, it has been construed to include . successful inverse condemnation actions. However, we cannot read the statute so broadly as to require the payment of appellate attorney’s fees to Gefen under the circumstances-of this case. We hold that a landowner claiming inverse condemnation'is only entitled to appellate attorney’s fees if the claim is ultimately successful. The -fact that Gefen pre- • vailed below does not entitle her to attorney’s fees because we quashed that decision.
Id. (internal citations omitted).
Thus, Gefen strongly suggests that section 73.091 (the eminent domain provision regarding the imposition of court costs), is similarly not applicable in an unsuccessful inverse condemnation action. See also Div. of Admin. v. Ideal Holding Co., 480 So.2d 243, 246 (Fla. 4th DCA 1986) (“The State correctly argues that an owner in an original proceeding seeking inverse condemnation must prove a taking in order to establish his right to have the State proceed according to Chapter 73.”). Accordingly, we conclude that the trial court erred in its determination that section 73.091, rather than section 67.041, governed the City’s request for costs.[3]
AFFIRMED, in part; REVERSED, in part; REMANDED.
WALLIS, J., and HERNDON, L.D., Associate Judge, concur.

. § 70.001, Fla. Stat. (2010).

. See § 70.001(6)(c)2., Florida Statutes (2010), which states:
In any action filed pursuant to this section, the governmental entity or entities are entitled to recover reasonable costs and attorney fees incurred by the governmental entity or entities from the date of the filing of the circuit court action, if the governmental entity or entities prevail in the action and the court determines that the property owner did not accept a bona fide settlement offer, including the ripeness decision, which reasonably would have resolved the claim fairly to the property owner if the settlement offer had been accepted by the property owner, based upon the knowledge available to the governmental entity or enti- ■ ties and the property owner-during the 90-day-notice period or the 180-day-notice period. ■

. The trial court relied on language from ■ Florida Department of Agriculture & Consumer Services v. Cox, 54 So.3d 1026, 1026-27 (Fla. 4th DCA 2011), providing that "[s]ections 73.091 and 73.092 specifically relate to condemnation proceedings, including inverse condemnation proceedings.” However, unlike here, the property owner in Cox was successful on her inverse condemnation claim. - Thus, the result in Cox is consistent with our decision in Pickens.