# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0182
_____

FLORIDA DEPARTMENT OF
HEALTH,

    Appellant/Cross-Appellee,

    v.

KENNETH WOLINER, M.D.,

    Appellee/Cross-Appellant.

_____


On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

October 2, 2024


PER CURIAM.

The Florida Department of Health appeals the trial court's final judgment, arguing that the court erred by awarding costs to Kenneth Woliner, M.D., pursuant to section 57.041, Florida Statutes, in his action to enforce Florida's Public Records Act. Because we agree with the Department that section 57.041 is inapplicable, we reverse as to the trial court's award of costs. We reject Woliner's arguments on cross-appeal without discussion and affirm the final judgment in all other respects.

## Background

In 2019, Woliner filed against the Department and several of its employees a complaint to enforce the Public Records Act,

seeking in part an award of attorney's fees and costs pursuant to section 119.12, Florida Statutes. On the parties' competing motions for summary judgment, the trial court found that the Department violated chapter 119 by being unable to find and produce a closure letter, which it found to constitute a "very minor" "technical violation," and by untimely producing some of the public records that were responsive to Woliner's public records requests. The trial court further found that Woliner was not entitled to an award of costs pursuant to section 119.12 because he did not satisfy the statutory notice requirement. However, the court found section 57.041, Florida Statutes, to be also applicable, and it awarded costs pursuant to that provision in the amount of $5,546.32, which consisted of $5,366.32 in reasonable costs of enforcement and $280 in attorney's fees. This appeal followed.

## Analysis

A trial court's award of costs is generally reviewed for an abuse of discretion, but the standard of review is de novo to the extent the issue involves statutory construction or the legal determination of whether costs may be awarded. *Cornfeld v. Plaza of the Americas Club, Inc.*, 306 So. 3d 1136, 1139 (Fla. 3d DCA 2020); *see also Winn-Dixie Stores, Inc. v. Reddick*, 954 So. 2d 723, 731 (Fla. 1st DCA 2007). The purely legal question we must resolve on this appeal is whether section 57.041, Florida Statutes, applies in an action to enforce the provisions of chapter 119, Florida Statutes, the Public Records Act. We conclude that it does not.

Section 57.041, Florida Statutes (2019), states that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs."

By contrast, section 119.12, Florida Statutes (2019), provides in part as follows:

(1) If a civil action is filed against an agency to enforce the provisions of this chapter, the court shall assess and award the reasonable costs of enforcement,

2

including reasonable attorney fees, against the responsible agency if the court determines that:

(a) The agency unlawfully refused to permit a public record to be inspected or copied; and

(b) The complainant provided written notice identifying the public record request to the agency's custodian of public records at least 5 business days before filing the civil action, except as provided under subsection (2). The notice period begins on the day the written notice of the request is received by the custodian of public records, excluding Saturday, Sunday, and legal holidays, and runs until 5 business days have elapsed.

Prior to the latest amendment that went into effect on May 23, 2017, the statute did not contain a notice requirement. *See* § 119.12, Fla. Stat. (2016).

"When reconciling statutes that may appear to conflict, the rules of statutory construction provide that a specific statute will control over a general statute, . . . and a more recently enacted statute will control over older statutes." *Fla. Virtual Sch. v. K12, Inc.*, 148 So. 3d 97, 102 (Fla. 2014) (explaining as the rationale for the latter rule that "[t]he more recently enacted provision may be viewed as the clearest and most recent expression of legislative intent"). Additionally, "[a] statutory provision will not be construed in such a way that it renders meaningless or absurd any other statutory provision*." Palm Beach Cnty. Canvassing Bd. v. Harris*, 772 So. 2d 1273, 1287 (Fla. 2000); *see also Twin Oaks Villas, Ltd. v. Joel D. Smith, L.L.C.*, 79 So. 3d 67, 70 (Fla. 1st DCA 2011).

It has been consistently recognized that section 57.041 "applies to all civil actions except those that are governed by specific statutes containing more particular provisions concerning the taxation of costs." *Caribbean Condo. v. City of Flagler Beach*, 178 So. 3d 426, 427 (Fla. 5th DCA 2015); *see also Fla. Dep't of Agric. & Consumer Servs. v. Cox*, 54 So. 3d 1026, 1026–27 (Fla. 4th DCA 2011) (stating the same and finding that the statutes relating to condemnation proceedings, not section 57.041, governed the condemnation proceeding); *Ruffa v. Saftpay, Inc.*, 163 So. 3d 711,

3

715 (Fla. 3d DCA 2015) (explaining that section 57.041 did not apply because the unpaid wages action was governed by the more specific statute of section 448.08, Florida Statutes, which made an award of costs and fees discretionary); *First Protective Ins. Co. v. Featherston*, 978 So. 2d 881, 884 (Fla. 2d DCA 2008) ("Under section 57.041, the recovery of costs is generally available to any 'party recovering judgment.' This general provision may be displaced by context-specific statutory costs provisions. For example, in declaratory judgment proceedings, section 86.081, Florida Statutes (2005), provides that '[t]he court may award costs as are equitable.' And in dissolution cases, section 61.16, Florida Statutes (2005), provides that 'a reasonable amount' may be awarded for the costs of a party 'after considering the financial resources of both parties.' Although the standard for the award of costs may—based on specific statutory provisions—vary from the general standard set forth in section 57.041, it is universally true that costs are at issue when a lawsuit is brought.").

More recently, the Third District held in *Cornfeld* that entitlement to an award of costs in the shareholder derivative action was controlled not by section 57.041, but by the more specific provisions of section 617.07401(5), Florida Statutes, that address with particularity the award of costs in such actions and require that certain conditions be met before the party can be entitled to an award of costs. 306 So. 3d at 1137–40. The court noted that "[w]ere the law otherwise, a prevailing defendant in a shareholder derivative action could seek an award of costs under the less demanding provisions of Rule 1.420 and section 57.041, evading the more stringent requirements of section 617.07401(5) and rendering that statutory provision meaningless." *Id.* at 1140.

Sections 119.12 and 57.041 both address entitlement to costs, but they impose different requirements. Section 119.12 authorizes an award of "the reasonable costs of enforcement, including reasonable attorney fees," that are "directly attributable to a civil action brought to enforce the provisions of" chapter 119. *See* § 119.12(1), (4), Fla. Stat. Section 57.041, on the other hand, authorizes an award of "legal costs and charges" in civil actions generally, and those costs do not include attorney's fees. *See Price v. Tyler*, 890 So. 2d 246, 252 (Fla. 2004). Section 119.12 authorizes an award of costs against the responsible agency, *i.e.*, the losing

4

defendant, whereas section 57.041 authorizes costs against the losing party. Most pertinent to this case, unlike section 57.041, section 119.12 imposes conditions that must be met before a court can award costs, one of which is that the complainant must have provided "written notice identifying the public record request to the agency's custodian of public records at least 5 business days before filing the civil action," with certain exception.

Because section 119.12 is both the more recently enacted and the more specific statute, addressing with particularity the award of costs in cases such as this brought to enforce the Public Records Act, we hold that it controls the complainant's entitlement to an award of costs and that the general provision of section 57.041 is inapplicable. A ruling to the contrary would render meaningless the requirements imposed under section 119.12. Because the trial court correctly found that Woliner was not entitled to an award of costs pursuant to section 119.12 given his failure to satisfy the statutory notice requirement, he was not entitled to any award of costs.

## Conclusion

Therefore, we reverse the portion of the trial court's final judgment awarding $5,546.32 in costs and remand for entry of an amended final judgment that does not include an award of said costs.

AFFIRMED in part, REVERSED in part, and REMANDED.

OSTERHAUS, C.J., and LEWIS and WINOKUR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Katelyn Rose Boswell, Chief Legal Counsel, and Sarah Young Hodges, Chief Appellate Counsel, Florida Department of Health, Tallahassee, for Appellant/Cross-Appellee.

Kenneth Woliner, pro se, Appellee/Cross-Appellant.